## No. 11,155.

## HAMILTON ET AL. *v.* BARRICKLOW ET AL.

SUPREME COURT.—*Practice.*—*Parties.*—A party against whom no judgment has been rendered will not be heard upon assignment of errors made by him in the Supreme Court.

NOTICE.—*Non-Resident.*—*Publication.*—*Affidavit.*—An affidavit that a defendant is a non-resident of the State, and a necessary party, and that the action is in relation to real estate, was, under section 38, 2 R. S. 1876, p. 49, sufficient to warrant notice by publication.

CONTRACT. — *Complaint.* —*Joinder of Causes.* —*Declaring Lien.* — *Fraudulent Conveyance.*—In a suit upon a contract, the complaint may also, by virtue of section 280, R. S. 1881, embrace such other matters as may be necessary for a complete remedy, *e. g.,* decreeing a lien or charge on real estate, or setting aside a fraudulent conveyance.

SAME.—*Conveyance for Support during Life.*—*Equity.*—*Charge upon Lands.*— *Demand.*—C. conveyed lands to E. in consideration that E. would pay his debts and support him during life, but E. refused, after receiving the deed, to put her contract so to do in writing, as she had agreed. She failed both to support C. and to pay his debts.

*Held,* that equity would charge the lands with E.'s support and with his debts, and that no demand of payment by C.'s creditors was necessary.

DEED.—*Consideration.*—*Parol Evidence.*—Parol evidence is admissible to show what was the consideration for a deed.

SUPREME COURT.—*Issues.*—*Parties.*—A party can not complain on appeal that issues were not formed between other contending parties in the same suit, where such issues could not affect the interests of such appellant; nor can such appellant complain that the appellee dismissed his suit against another defendant thereto.

From the Ohio Circuit Court.

*J. B. Coles,* for appellants.

*A. C. Downey,* for appellees.

FRANKLIN, C.—In March, 1881, John A. Hamilton commenced, in the Ohio Circuit Court, a suit against Charles E. Hamilton and his son and son's wife, Charles and Elizabeth Hamilton, on some promissory notes executed by said Charles E. and Charles Hamilton, and to set aside a fraudulent conveyance of real estate from said Charles E. to Elizabeth. Charles E. was a resident of said county, and upon whom

process was served. Charles and Elizabeth were non-residents, and as to them publication was made. John A.'s suit was for himself and on behalf of all other creditors. Upon proof of publication being filed, Henry Barricklow and Lena Barricklow each filed a separate complaint against the same defendants, asking to be made parties to said John A.'s suit. The non-resident defendants, by attorney, appeared specially and moved to set aside the process and publication, and to dismiss and strike from the files the complaints of Henry and Lena Barricklow, which motions the court overruled. John A. Hamilton dismissed his cause of action. Lena Barricklow dismissed her complaint, and Henry Barricklow dismissed his cause of action against Charles Hamilton after he had been defaulted. Elizabeth Hamilton then filed a cross complaint against John A. Hamilton, Lena Barricklow, Henry Barricklow, and Charles E. Hamilton, alleging that she owned the land; that the defendants were slandering her title thereto, and asking to have her title quieted to the same. No process was issued upon her cross complaint. August 14th, 1882, Henry Barricklow filed an additional second paragraph to his complaint, alleging that the consideration of the deed from Charles E. to Elizabeth was the agreement of Elizabeth to pay all of Charles E.'s debts and furnish him a comfortable support in her family upon the farm during his natural life; that she had agreed to reduce the same to writing, but upon receiving the deed for the farm had refused to execute the written agreement for the consideration, and had failed to fulfil it.

Elizabeth moved to strike out this paragraph of complaint, which was overruled.

Charles E. Hamilton filed a cross complaint against Elizabeth and Henry Barricklow, alleging more minutely, but substantially, the facts stated in Henry Barricklow's second paragraph of his complaint.

After various motions and demurrers were overruled, issues were finally closed upon the complaint of Henry Bar-

ricklow, and the cross complaints of Elizabeth and Charles E. Hamilton.

There was a trial by the court, and at the request of Elizabeth, the court made a special finding and stated its conclusions of law in favor of the plaintiff Barricklow, against Charles E., and that his claim be a charge and lien upon the land as against Elizabeth; and in favor of Charles E. upon his cross complaint against Elizabeth, and against Elizabeth upon her cross complaint.

She excepted to the conclusions of law, and moved for a *venire de novo,* and for a new trial, which motions were overruled and judgment rendered upon the finding and conclusions of law. A motion to modify the judgment was also overruled. The errors assigned are as follows:

1. Overruling motion to quash and set aside service of process by publication.

2. Overruling motion to strike complaint of Henry Barricklow from files.

3. Overruling motion to strike out second paragraph of Henry Barricklow's complaint.

4. Overruling motion to dismiss Henry Barricklow's action as to appellant Elizabeth.

5. Overruling demurrer to Henry Barricklow's complaint.

6. Overruling demurrer to each paragraph severally of Henry Barricklow's complaint.

7. Overruling demurrer to cross complaint of Charles E. Hamilton.

8. Overruling demurrer to second paragraph of cross complaint of Charles E. Hamilton.

9. Error in conclusions of law.

10. Overruling motion for a new trial.

11. Overruling motion for *venire de novo.*

12. Overruling motion to modify judgment.

13. In permitting Barricklow to dismiss his action as to Charles Hamilton, Jr.

The foregoing errors are assigned separately by Elizabeth.

Charles has also assigned separate errors. But as the cause was dismissed as to him, and no judgment rendered against him, there is nothing for him to appeal from or upon which to assign errors. His assignment will, therefore, not be considered.

The objection to the process is that the affidavit for publication is not sufficient. The affidavit stated that the defendants Charles Hamilton and Elizabeth Hamilton were nonresidents of the State of Indiana; that a cause of action existed against them; that they were necessary parties to the action, and that the action was in relation to real estate.

Under the provisions of the 38th section of 2 R. S. 1876, p. 49, this affidavit is sufficient. And under the 72d section of said statute a cause of action to set aside a fraudulent conveyance or have a lien declared on real estate, the same as the foreclosure of a mortgage, may be properly joined with a cause of action for the collection of the claim sought to be secured. . These provisions of the statute dispose of the first four specifications of error against appellant.

The next four specifications are in relation to the pleadings, which are too numerous and lengthy to copy into an opinion.

We have examined the pleadings and rulings thereon, and find no substantial error therein, and think it unprofitable to encumber this opinion by setting them forth and discussing them.

The ninth specification alleges error in the conclusions of law. The special findings of the facts are, substantially, as follows:

On the 17th day of October, 1871, Charles E. Hamilton conveyed, without consideration, the land in controversy to Charles Hamilton.

On the 29th day of January, 1873, the said Charles gave to the said Charles E. a mortgage on said real estate to secure the payment of three several promissory notes for $2,500 each, payable March 1st, 1874, March 1st, 1875, and March 1st, 1876.

On June 8th, 1874, said Charles and Elizabeth, his wife, conveyed said lands to said Charles E., and the said mortgage was then entered satisfied.

On August 19th, 1874, said Charles E. conveyed said lands to said Elizabeth, including a large amount of personal property—the real estate worth $6,000, and the personal property worth $700; that said conveyance was on the condition and for the consideration that said Elizabeth would maintain and support the said Charles E. during his life, and furnish him a home in the dwelling-house on said real estate, and would pay all the debts of said Charles E.; that she then agreed and promised to reduce said conditions and agreement. to writing, sign and deliver the same to said Charles E. After said conveyance the said Charles E. had no other property except a bed and bedding, and a life-estate in fifty acres of land of the rental value of $75.    Said Elizabeth and Charles, her husband, took possession of the property so conveyed immediately, and resided on said real estate until the 24th day of November, 1880, and furnished the said Charles E. a home in the dwelling-house on said real estate, and a comfortable support during the time the said Elizabeth and Charles resided on said real estate; that on the said 24th day of November, 1880, said Elizabeth and Charles moved from said real estate to the State of Illinois, where they have ever since said time and do now reside; that since they so moved to the State of Illinois, they have failed to furnish the said Charles E. a comfortable support; that since their absence the said Charles E. has occupied, and does now occupy, said dwelling-house; and during said time said Elizabeth has rented and received the rents of said real estate; that the rental value of said real estate is $300 per annum, and the dwelling and garden $40; that at the time of said conveyance to said Elizabeth, the said Charles E. and Charles, Jr., were indebted to the plaintiff, Henry Barricklow, in the sum of $250, which was a part of the debts that said Elizabeth agreed and promised to pay in part consideration for said real estate and personal property

so conveyed to her by said Charles E.; that there is now due and owing said plaintiff on said debt the sum of $371.74.

The finding then states an indebtedness to Lena Barricklow existing at the time of said conveyance of $369.55; that said Elizabeth failed and neglected to pay said indebtedness to said Henry and Lena Barricklow, and has failed and refused to reduce the said conditions and agreement to writing, that she would pay the debts of said Charles E. and furnish him a home and comfortable support upon said real estate during his lifetime, and sign and deliver the same to said Charles E.; that said Elizabeth and Charles executed, and gave to said Charles E., their notes for $11,200, the amount of the consideration named in the deed, and executed a mortgage on the said real estate to secure their payment, which was never recorded; that it was not the intention of the parties at the time that the notes and mortgage should be paid, and which were afterwards surrendered and cancelled; that said Elizabeth and Charles were not compelled by violence, threats and persecutions of said Charles E., to leave said real estate and move therefrom; that the annual cost of the support and maintenance of the said Charles E., in said dwelling-house upon said real estate, is $250, which, from the 24th day of November, 1880, to the 15th day of August, 1882, is $492.50; that from different sources he had received $193; that said Elizabeth has no other property in this State except her interest in said real estate; that said Charles has no property in this State subject to execution; that said Charles and Elizabeth are husband and wife. Upon which the court stated the following conclusions of law:

"*First.* That the plaintiff Henry Barricklow is entitled to recover of and from Charles E. Hamilton and Charles Hamilton the sum of $371.34; and that the said sum, being a part of the consideration for the purchase-price of the real estate described in plaintiff's complaint and conveyed by the said Charles E. Hamilton to said Elizabeth Hamilton by deed dated August 19th, 1874, is a charge upon said real estate.

"*Second.* A similar conclusion as to Lena Barricklow.

"*Third.* That as to the issue between Charles E. Hamilton and Elizabeth Hamilton, the court finds for the said Charles E. Hamilton, that there is due him from said Elizabeth Hamilton the sum of $293.21, for his support and maintenance from the 24th day of November, 1880, to the 15th day of August, 1882, and that the same is a charge upon said real estate conveyed by said Charles E. Hamilton to Elizabeth Hamilton by deed dated August 19th, 1874, and to be realized therefrom.

"*Fourth.* That the said Charles E. Hamilton is entitled to reside in the dwelling-house on said real estate conveyed by him to Elizabeth Hamilton by deed dated August 19th, 1874, and recover from her each year of his natural life, from the 15th day of August, 1882, for his support and maintenance, the sum of $286; said sum is a charge upon said real estate and to be realized therefrom; and that the action pending by appeal in this court by said Elizabeth Hamilton against said Charles E. Hamilton, to recover possession of the house on said land, ought to be perpetually enjoined.

"*Fifth.* That the plaintiff, Henry Barricklow, ought to recover from the defendant his costs of this suit.

"*Sixth.* As to the issue between Charles E. Hamilton and Elizabeth Hamilton, the said Charles E. Hamilton is entitled to his costs."

The record shows that as to the complaint of Henry Barricklow, Charles E. Hamilton was personally served with process, and Elizabeth Hamilton was notified by publication; that she appeared to the action and answered, and filed a cross complaint against Barricklow, Charles E. and others; no process was issued as to the others. Upon her cross complaint issues were formed as to Henry Barricklow, Charles E. and Elizabeth Hamilton. She also appeared to and answered the cross complaint of Charles E. Hamilton; and as to these three, Barricklow, Charles E. and Elizabeth, the court had jurisdiction of the persons and subject-matter of the suit,

and the power and right to settle the whole matter in controversy between them. As to Lena Barricklow, she had dismissed her cause of action, and was then not before the court claiming anything. The finding and conclusions of law as to her must be considered as erroneous, and a nullity in so far as they affect the rights of 'those who were properly before the court.

The conclusions of law, so far as they affect the rights of Henry Barricklow, Charles E. Hamilton and Elizabeth Hamilton, appear to be fully sustained by the findings. *State, ex rel.,* v. *Kelso,* 94 Ind. 587.

A special demand to pay the debts which she had agreed to pay as a part consideration for the land was not necessary to be averred in the pleadings or proved on the trial.

We see no available error in the conclusions of law as to these three parties; they are certainly equitable and well calculated to administer justice to each of the parties under the peculiar circumstances of this case.

Of the nineteen reasons stated for a new trial, we only notice such as are presented by appellant in her brief. The fifth is the first one presented, and that is an objection to the introduction in evidence of the notes in favor of Lena Barricklow. This was irrelevant and erroneous, but could not affect the issues between the parties in the cause before the court, and as to them could not be a cause for the reversal of the judgment.

The sixth is expressly waived.

The seventh and seventh and a half are objections to the introduction of parol testimony to prove the consideration of the deeds. There was no error in these rulings.

The eighth is an objection to the notice of Charles E. to Elizabeth of her forfeiture of all rights under the deed to possession of the premises, on account of its being served upon an agent. The notice was competent evidence, but whether the agent occupies a position to bind the principal was a question to be considered in deciding the case.

The ninth is that the finding is not sustained by the evidence and is contrary to law. The evidence is contradictory and very conflicting, but there is evidence clearly tending to support the findings, and this court will not weigh it so as to determine its preponderance, and we do not see wherein the findings are contrary to law. .

The twelfth is that the finding in favor of Lena Barricklow. is too large. While that may be true, it can not affect the judgments in favor of the plaintiff and appellee Charles E. Hamilton.

The fourteenth, fifteenth, sixteenth and seventeenth reasons were for the failure to form issues between Barricklow and Charles E. Hamilton, and Charles E. Hamilton and Charles Hamilton on Charles E.'s cross complaint. Charles was not made a party thereto by process or appearance, and there was no issue to form as to Charles, Barricklow's complaint having been dismissed as to him. Charles E.'s cross complaint was consistent and agreed with the second paragraph of Barricklow's complaint, and needed no issue. Appellant Elizabeth has no right to complain of the want of such issues.

The eighteenth is for modifying the conclusions of law so as to perpetually enjoin appellant Elizabeth from the further prosecution of her appeal then pending in said court for possession of the house and premises in controversy. This was within the issues between Charles E. and Elizabeth. The court had jurisdiction of the parties interested and of the whole subject-matter, and we do not think that there was any error in making a final determination of all the matters then in controversy in the suit.

The nineteenth reason is an objection to the court permitting Henry Barricklow to dismiss his cause of action against Charles Hamilton. We do not see wherein appellant Elizabeth has a right to complain of this. If the plaintiff did not desire a personal judgment against Charles, he had a right to dismiss as to him. The controversy about the land affected

Elizabeth's separate property only. There is no error in overruling the motion for a new trial.

The last specification of error complained of is the overruling of appellant's motion to modify the judgment. In this appellant objects to the appointment of a receiver, and the taking of the possession of the land from her, and also the rendering of the judgment in favor of Lena Barricklow after she had dismissed her suit.

As to the first two modifications asked, we think there was no error in overruling the motion; but as to the third, after Lena Barricklow had dismissed her cause of action and was no longer a party to the controversy, the court had no right to render any judgment in her favor. She is made a party appellee to this appeal, and has been served with notice.

The judgment in her favor ought to be reversed; and as to the other parties the judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment in favor of Lena Barricklow be and it is in all things reversed; and that the judgment in favor of Henry Barricklow, and the claim adjudicated in favor of Charles E. Hamilton, and that they both be declared a lien and charge upon the land as against Elizabeth Hamilton, be and the same are in all things affirmed, with costs.

Filed April 25, 1884. Petition for a rehearing overruled June 25, 1884.