## CONNER v. KNOTT.

Under a general denial in an action in claim and delivery against a sheriff, the defendant may show that the goods in controversy are the property

of a third person, and that his possession is rightful, by virtue of a writ of attachment under which said property was seized.

(Syllabus by the Court.   Opinion filed Mar. 4, 1896.)

Appeal from circuit court, Minnehaha county.   Hon. JOS. W. JONES, Judge.

Action in claim and delivery.   Plaintiff had judgment, and defendant appeals.   Reversed.

The facts are stated in the opinion.

*Joe Kirby,* for appellant.

Where the plaintiff pleads ownership, and that the defendant wrongfully took and wrongfully detains the property, the defendant may under a general denial show either property in himself or a third party; and if an officer, he may justify the holding by his qualified interest under the writ, and that he holds the property thereunder as the property of such third party.   1 Ency. Pl. & Pr. 822; Cobbey on Replevin, § 751-6; Pitts Agr. Wks. v. Young, 6 S. D. 557, 62 N. W. 432; Branch v. Wiseman, 51 Ind. 1; Lane v. Sparks, 75 Ind. 278; Holmberg v. Dean, 21 Kan. 73; Richardson v. Steel, (Neb.) 4 N. W. 187; Deleany v. Cuming, 8 N. W. (Wis.) 701, (897); Cool v. Roche, (Neb.) 17 N. W. 119; Emerson v. Thompson, 18 N. W. (Wis.) 503; Singer Mfg. Co. v. Benjamin, (Mich.) 21 N. W. 358; Merrill v. Wedgwood, (Neb.) 41 N. W. 149; Snook v. Davis, 6 Mich. 156; Belden v. Lain, 8 Mich. 501-3; Bailey v. Swain, (Ohio) 16 N. E. 370.

*Winsor & Kittredge,* for respondent.

Cited:   2 N. Y. 151; 38 N. Y. 161; Frisbee v. Langworthy, 11 Wis. 303; Glaser v. Clift, 10 Cal. 304; Moss v. Shear, 30 Cal. 472.

FULLER, J.   Claiming to be the owner of certain household effects, including a piano, mentioned in the complaint, and alleged to have been wrongfully taken and detained by the defendant, plaintiff brings this action, in claim and delivery, to recover the immediate possession thereof.   Under the answer,

which is, in effect, a general denial, and after the defendant had introduced evidence tending to show that the property in question belonged to C. J. Conner, the husband of plaintiff, counsel for appellant attempted to justify the seizure and detention thereof by the defendant sheriff under a warrant of attachment fair upon its face, and directed against the property of said C. J. Conner. Upon the theory that justifying evidence of the seizure, possession and retention of the property by the sheriff by virtue of the writ was not within the issues, nor admissible under a general denial, all of said evidence was excluded, and the ruling of the court thereon is assigned as error.

The trial resulted in a verdict upon all the issues against the defendant, in plaintiff's favor, and the defendant appeals from a judgment entered thereon, and from an order overruling a motion for a new trial. As the above ruling will require a trial, and in view of the disposition of courts to allow amendments in the interest of justice, an assignment of error relating to a ruling upon what appears to be a valid objection to the introduction of any evidence under the complaint will receive no attention. While it is well settled, in replevin at common law, that an officer, in order to justify the seizure of property claimed by or found in the possession of a stranger to the writ, must plead the specific facts upon which he bases his special property or right to possession, he may, according to the code system, under a general denial, show that his possession of the property is rightful, by virtue of legal process under which the same was seized, or he may show that the same was not wrongfully detained, by proving title in himself or in a stranger. Agricultural Works v. Young, (S. D.) 62 N. W. 432; Schulenberg v. Harriman, 21 Wall. 44. In Missouri it was held that "where, in such a proceeding, defendant makes a general denial of title in plaintiff, he may justify under legal process against the rightful owner." Bosse v. Thomas, 3 Mo. App. 472. "In an action in replevin the defendant may show, under the general issue, that the goods in controversy are the prop-

erty of a third person, held by defendant, as sheriff, under a writ of attachment." Young v. Glasscock, 79 Mo. 574; Bailey v. Swain, 45 Ohio St. 657, 16 N. E. 370; Jansen v. Effey, 10 Iowa 227. In Snook u. Davis, 6 Mich. 156, it was said that "in replevin the defense that the property was taken under legal proceedings against a third person, claimed to be the owner thereof is admissible under the general issue, without notice." See, also, Richardson v. Steele, 9 Neb. 483, 4 N. W. 83. "In replevin, all that is necessary, in order to enable the defendant to prove any defense which he may have, is to deny all the allegations of the plaintiff's petition." Bailey v. Bayne, 20 Kan. 657; Davis v. Warfield, 38 Ind. 461; Verry v. Small, 16 Gray 121; Sopris v. Truax, 1 Colo. 89; Timp v. Dockham, 32 Wis. 146; Delany v. Cuming (Wis.) 8 N. W. 897. If, as alleged, plaintiff's property was seized and taken from her actual possession by the defendant, no surprise could result from an offer to justify the seizure, possession and retention thereof under a writ of attachment. Wrongful detention, based upon a claim of ownership and the right to immediate possession, are the essential facts put in issue by the general denial, under which any material collateral fact tending to justify the taking and retention was clearly admissible. 1 Enc. Pl. & Prac. p. 822; Baylies, Code Pl. p. 233; Cobbey, Repl. p. 399. We believe the reasonable rule to be that a plaintiff in claim and delivery must recover upon the strength of his own title, and show his right to the immediate possession of the property in dispute as against everybody else, and that under a general denial an attaching officer may show property in a stranger to the suit, and justify under the process by which it was seized. The judgment of the trial court is reversed, and a new trial is awarded.