## CONNOR v. KNOTT.

1. After a judgment of dismissal of an action, the court has not jurisdiction, without a motion to vacate or modify the same, to enter a second judgment of dismissal, imposing conditions on the right to commence a new action.

2. Where a judgment for plaintiff has been reversed, and the case remanded for new trial, defendant cannot, without notice to plaintiff, have a judgment dismissing the action, and imposing conditions on the right to commence a new action.

(Opinion filed Dec. 21, 1897.)

Appeal from circuit court, Minnehaha county. Hon. JOSEPH W. JONES, Judge.

Action by Jessie F. Connor against George A. Knott. From an order for plaintiff, defendant appeals. Affirmed.

The facts are stated in the opinion.

*Joe Kirby,* for appellant.

The court may require plaintiff to pay the costs as a condition precedent to bringing a new action for the same cause. Young v. Bush, 36 How Pr. 240; Sheedy v. McMurtry (Neb.) 63 N. W. 21; McKenster v. VanZantz, 1 Wend. 13; Hardon v. Hardick, 2 Hill. 384; Huntington v. Forkson, 7 Hill. 195, 6 Encyc. Pl. & Pr. 969.

*A. B. Kittredge,* for respondent.

FULLER, J. On a former appeal, judgment in favor of plaintiff in this action was reversed, and the case remanded for a new trial. Conner v. Knott, 8 S. D. 304, 66 N. W. 461. In April, 1896, the remittitur was sent down by the clerk of this court, and upon the *ex parte* application of plaintiff's attorney, and without prejudice to the rights of his client, the circuit court, on the 5th day of October following (two days before the remittitur was made a record of that court), entered judgment of dismissal, and for costs in favor of the defendant, taxed at $283.05. While this judgment, a copy of which was duly

served upon defendant's counsel, remained of record, unquestioned and in full force, the court, on the 17th day of November, 1896, without any notice to plaintiff, and upon the *ex parte* application of defendant's attorney, entered another judgment of dismissal and for costs, the concluding paragraph of which is as follows: "It is further ordered and adjudged that the said plaintiff do pay to the said defendant the costs and disbursements taxed in this court, as well as the judgment rendered for costs and disbursements incurred on appeal to the supreme court, as a condition precedent to bringing a new action based on this cause." Upon the return of an order to show cause, the court, after hearing the argument of counsel for the respective parties, made an order vacating and setting aside the order and judgment of November 17th, upon the ground that the same was entered without jurisdiction, and this appeal is taken therefrom by the defendant.

Under Section 6103 of the Compiled Laws, a judgment for costs, and that the action be dismissed without prejudice to a new action, may be entered, at the instance of plaintiff, as a matter of right, and at any time before its final submission; and he is not precluded by the fact that a judgment in his favor has been reversed on appeal, and the case remanded for a new trial. Gardner v. Railroad Co., 150 U. S. 349, 14 Sup. Ct. 140; Mohler v. Wiltberger, 74 Ill. 163; Currie v. Southern Pac. Co., 23 Or. 400, 31 Pac. 963. By the discontinuance of the action, that particular suit was unalterably ended, as long as the judgment of dismissal, apparently valid and regular, remained of record, and in full force. Whether, as contended by the defendant's attorney, the judgment of dismissal entered at the instance of plaintiff is valid, need not be determined, as the case was remanded for a new trial; and the court could not, at the suggestion of the defendant, and without notice to plaintiff, enter an *ex parte* order, by which his suit, if pending, was dismissed, and his right to commence a new action restricted by the imposition of terms. The parties

being out of court for every purpose other than to carry said judgment into effect, or to move to vacate or modify the same, the court was without jurisdiction to enter the judgment of November 17th, and the order vacating the same cannot be disturbed. In Greeley v. Winsor, 3 S. D. 138, 52 N. W. 674, this court, adopting the language employed in 2 Wait, Prac. 517, say, "A complaint once dismissed so far terminates the action that no motion or proceeding can be had in the case, except for the purpose of carrying into effect the order of dismissal." The order appealed from is affirmed.