**BRYAN v. SMITH et al.**

No. 9682.

United States Court of Appeals
Seventh Circuit.

May 2, 1949.

Rehearing Denied May 26, 1949.

Harry I. Schwimmer and Robert B. Vaughan, both of Kansas City, Mo., for appellant.

Francis Heisler, of Chicago, Ill., and Herbert J. Backer, of Indianapolis, Ind., for appellee.

Before KERNER, MINTON, and DUFFY, Circuit Judges.

MINTON, Circuit Judge.

The question presented on this record is whether ancillary action can be taken for the enforcement of an interlocutory order made in a case that later was dismissed voluntarily.

On June 17, 1941, a suit was filed in the United States District Court for the Southern District of Indiana by the appellees against the appellants, who were, respectively, the plaintiffs and the defendants in that suit and in this proceeding, for various sums of money and to have a trust therefor impressed upon certain real estate in Marion County, Indiana, and Crawford and Clay counties, Illinois, title to which was held by the defendants. The matter was thereafter referred to a special master to make findings of fact and state conclusions of law thereon. On January 2, 1942, while the said suit was pending and in order to maintain the status quo, the District Court entered by agreement of the parties an interlocutory order, the material parts of which read:

"That the defendants Damon Smith and Edith Smith convey to a trustee appointed by the Court all their right, title and interest in the real estate upon which plaintiffs claim to have any lien or in which they claim to have any interest, being certain farm lands located in Marion County, Indiana and in Crawford and Clay Counties, State of Illinois, subject to all existing liens and encumbrances, being more particularly

described in the instruments of conveyance this day examined and approved by the Court.

\* \* \* \* \* \*

"All claims and rights of all parties asserted in this action shall remain unimpaired and unaffected by any disposition or other provision of this order, and none of the parties hereto waive any rights or claims in this action heretofore existing by reason of this order or any acts done thereunder."

On February 19, 1942, the master made findings of fact and stated his conclusions of law thereon, which were in favor of the plaintiffs. This report of the master was taken under advisement and never acted upon by the court. Thereafter, the parties entered into a written agreement settling their differences and informed the court thereof. On May 15, 1942, the court ordered the trustee to "convey all lands heretofore transferred to it by the defendants Damon Smith and Edith Smith, his wife, pursuant to order of this Court of January 2, 1942," to the plaintiffs' nominee; the court approved the trustee's report, made allowances for the trustee's and the master's expenses and fees, and discharged the trustee. Upon written stipulation of the parties filed in the case on the same date, May 15, 1942, the court dismissed the suit with prejudice as to the plaintiffs, costs paid.

More than five years later, on September 29, 1947, in the same case that had been dismissed, the plaintiffs filed a petition in which they alleged that through fraud or mistake the defendants did not convey a certain 32.78 acres of land in Marion County, Indiana, that should have been conveyed under the order of January 2, 1942. The petition prayed that the defendants be ordered to show cause why the previous orders of the court had not been complied with, that the defendants be ordered to convey the 32.78 acres to the plaintiffs, and that in the event they failed to comply, a special master be appointed and authorized to make such conveyance to the plaintiffs.

The District Court assumed jurisdiction and ordered the defendants to appear on a day certain and that a copy of the order be served by registered mail on them and their attorneys of record in the old suit. On May 3, 1948, the defendants appeared by their attorneys and filed a motion to dismiss in which they alleged that they were and had been since the fall of 1942 residents of Kansas City, Missouri; that their former attorneys of record had not been their attorneys since the suit was dismissed May 15, 1942; that they had been served with no process; that the court had no jurisdiction; that the petition failed to state a claim upon which relief against the defendants could be granted; that the petition showed on its face that the case had been dismissed with prejudice; and a number of other grounds.

The District Court overruled the motion to dismiss and on the same date, May 3, 1948, entered an order, the material parts of which read as follows:

"This cause having been submitted to the Court for hearing on the plaintiffs' petition for a rule to show cause, and the Court having heard the arguments of counsel, and taking judicial cognizance of its previous orders and judgment heretofore rendered in this case, and being sufficiently advised in the premises, finds that the defendants failed to comply with the order of this Court made and entered January 2, 1942, in that they failed to convey their right, title and interest in all of the real estate upon which the plaintiffs claimed to have any lien or in which they claimed to have any interest being certain farm lands including one named in the complaint as the Eagle Bend Farm.

"And the Court further finds that the plaintiffs are entitled to the ownership of the 32.78 acres which were omitted from the description of the real estate conveyed by the defendants to the plaintiffs, which 32.78 acres are a part of the Eagle Bend Farm."

It will be noted that no answer was filed or evidence heard. The matter was submitted on the petition, argument of counsel, and judicial notice of the court's orders in the case, from which the court found that the defendants did not comply with the order of January 2, 1942, which was the interlocutory order to convey to the trustee, and then for the first time the court found either fraud or mistake, which one does not

appear, and that the plaintiffs are the owners of "the 32.78 acres which were omitted from the description of the real estate conveyed by the defendants to the plaintiffs." For the sake of accuracy, it might be pointed out that the defendants never at any time conveyed any real estate to the plaintiffs. They conveyed to the trustee, who conveyed to the plaintiffs' nominee. There is no question but what the trustee conveyed all the real estate it received from the defendants. The court then ordered a special master to convey the 32.78 acres of land, describing it, to the plaintiffs, the defendants contending all the time that the 32.78 acres were not involved. From this judgment, the defendants have appealed.

It might be well to point out what this case is *not about*. This is not a case where a suit was brought by the same parties on the same cause of action, after a like suit had been dismissed with or without prejudice. It is not a suit or proceeding to vacate the order of dismissal and to restore the case to the docket. It is not a proceeding to punish for fraud or imposition upon the court. It is a proceeding adjudging for the first time property rights between the parties. The judgment of dismissal is the only judgment on the record. Rule 60 of the Federal Rules of Civil Procedure, 28 U.S.C.A. has no application, for that judgment is not attacked. It was carried out, and the case was dismissed. It is the interlocutory order of January 2, 1942, that is to be revived to justify the action of the court upon the ancillary petition.

■ When a case is voluntarily dismissed by the parties, what is the effect of such action? The general rule on voluntary dismissal is stated as follows in 17 Am.Jur., Dismissal and Discontinuance, Sec. 63:

"It is a well-settled rule that after a plaintiff has suffered a nonsuit or has dismissed his cause of action, no counterclaim existing, the court is without further jurisdiction and has no right to render any judgment either for or against the plaintiff. The parties are out of court for every purpose other than to carry the order of

dismissal or nonsuit into effect or to vacate or modify it; * * *."

■■ It is as if the suit had never been brought. 27 C.J.S., Dismissal and Nonsuit, § 39; Maryland Casualty Co. v. Latham, 5 Cir., 41 F.2d 312. No steps can be taken upon the suit after dismissal. Miller v. Mans, 28 Ind. 194, 195. Any steps taken thereafter are a nullity. Elston and Others v. Drake, in Error, 5 Blackf., Ind. 540. The dismissal "carries down with it previous proceedings and orders in the action, and all pleadings, both of plaintiff and of defendant, and all issues, with respect to plaintiff's claim." 27 C.J.S., supra, § 39.

In the case of Loeb v. Willis, 100 N.Y. 231, 3 N.E. 177, the plaintiff sued to foreclose a mortgage which the defendant had assumed and agreed to pay. Judgment was entered for the plaintiff but no foreclosure sale was ever had. The plaintiff dismissed this suit and filed another on the bond which had been given to evidence the debt secured by the mortgage, and which indebtedness the defendant had assumed. At the trial of the second suit, the plaintiff introduced in evidence the bond and the agreement to assume by the defendant and also the judgment roll in the suit that had been dismissed, and rested. The defendant on his behalf then offered in evidence a contract of settlement between the parties, which was excluded. He then offered to testify concerning the matter and was refused, as the court held he was estopped by the former dismissed action to contest the plaintiff's claim against him. The Court of Appeals reversed, saying:

"The foreclosure action was discontinued, and all the proceedings therein thus annulled. There was no longer any record or adjudication in that action which bound any one. By the discontinuance of an action the further proceedings in the action are arrested not only, but what has been done therein is also annulled, so that the action is as if it never had been." 3 N.E. at page 179.

In Kiser v. Crawford, 182 Iowa 1249, 166 N.W. 577, a husband and wife had filed suits for personal injuries to the wife. The wife died and the defendants on the

day of her death obtained in said suits an order for an autopsy, and pursuant to this order physicians were appointed. Before the autopsy could be held, the suits were dismissed. The autopsy was refused by the deceased wife's family. Thereupon the plaintiff in the dismissed suits was cited for contempt of court. On appeal the court held that the lower court could as a condition to the prosecution of a pending suit require an autopsy, but its jurisdiction depended upon a pending suit. The court said: "When the suits were dismissed on February 26th, such dismissal terminated the jurisdiction of the court therein, and carried down with it every previous order made therein." 166 N.W. at page 578. See also Hamilton et al. v. Barricklow et al., 96 Ind. 398, 405, 407; Connor v. Knott, 10 S.D. 384, 73 N.W. 264.

If the rule is that dismissal leaves the situation as if the suit had never been filed, what right of procedure could possibly stem from something that never existed? If this suit had never been brought, how could this ancillary proceeding ever have been started? To ask the question answers it. The interlocutory order of January 2, 1942, decided nothing as to who was entitled to the real estate in question and by its own terms it was intended only to maintain the status quo during the pendency of the suit. Nothing was ever decided as to the title to the real estate until this ancillary proceeding was started for the purpose of enforcing the interlocutory order in the suit that was dismissed. Then for the first time it was decided that the plaintiffs were the owners of the real estate, and that the defendants must convey it to the plaintiffs. There can be no ancillary proceeding to enforce an interlocutory order made in a suit that has been dismissed, as long as the judgment of dismissal remains on the record. The District Court undertook to do by the ancillary proceeding what it had not originally undertaken, namely, to decide that the plaintiffs were the owners of the 32.78 acres of land, and ordered the defendants to convey it to them.

Since the suit had been dismissed, the ancillary proceeding was a nullity. The judgment of the District Court is reversed.