385 P.2d 357

**La Vena McCUISTION, Plaintiff-Appellee,**

**v.**

**N. Wayne McCUISTION, Defendant-Appellant.**

**No. 7009.**

Supreme Court of New Mexico.

Aug. 12, 1963.

Rehearing Denied Oct. 10, 1963.

Spiess & Hackney, Albuquerque, for appellant.

Sanders Scott, Saunders, Brian & Humphrey, Amarillo, Tex., Lynell G. Skarda, Clovis, for appellee.

NASH, District Judge.

The facts pertinent to the determination of this appeal are as follows:

The appellant and the appellee were divorced and their community property rights determined by the District Court of San Miguel County in 1947. They re-married

in 1954 and again became estranged in 1959. In October, 1959 appellee filed this action seeking to set aside the 1947 decree and praying that a new determination of the community property rights be made setting over to her what she claimed was her rightful share therein.

Appellee was represented by the law firm of Sanders, Scott, Saunders, Brian & Humphrey of Amarillo, Texas, associated with Lynell Skarda of Clovis as New Mexico counsel. Appellant filed an answer and counter-claim to the petition and then on February 24, 1960 he filed a Motion to Dismiss his counter-claim setting out that he and appellee had become reconciled and were living together as husband and wife. On March 18, 1960 a Motion for Award of Attorney's fees was filed by appellee through her attorneys. On April 5, 1960 a Stipulation for Dismissal was filed which was signed by both appellant and appellee and an Order of Dismissal was also filed bearing this notation written by the trial judge:

"This instrument was marked filed by the Clerk on April 5, 1960, although it was not signed by me, and it was signed by me this December 12, 1960."

On the same day, April 5, 1960, a hearing was had on the Motion for Award of Attorneys' Fees and on December 8, 1960, the Court entered its decision in which it awarded attorneys' fees against appellant.

The judgment appealed from was entered December 8, 1960.

The appellant thoroughly raised and argued the question of jurisdiction of the lower court to enter the order appealed from, but even had he not done so, we would have to determine it on our own motion if noticed by us.

If the district court was without jurisdiction to enter the judgment appealed from, this court is likewise without jurisdiction to determine the validity of that judgment upon its merits.

The question hinges upon the determination of the effect of the Stipulation for Dismissal signed by both parties and filed April 5, 1960.

Rule 41 (a) (1) (§ 21-1-1 (41) (a) (1) N.M.S.A.1953), so far as pertinent, reads:

"(a) VOLUNTARY DISMISSAL— EFFECT THEREOF.

"(1) By Plaintiff—By Stipulation. Subject to the provisions of Rule 23 (c) and of any statute, an action may be dismissed by the plaintiff without order of the court * * * (ii) by filing a [written] stipulation of dismissal signed by all parties who have appeared generally in the action."

Rule 41 (a) (1) provides two methods by which an action may be dismissed without an order of the court: one is by notice of dismissal prior to service of the answer, and the other by written stipulation, signed

by all of the parties who appeared generally. It is evident that the stipulation signed both by defendant and plaintiff effectively dismissed the action without an order of the court. Rudloff v. Johnson (C.C.A.8), 267 F.2d 708. Dismissal under Rule 41 (a) (1) (ii) was accomplished upon the filing of the stipulation and the court is powerless to prevent dismissal by that method.

The voluntary dismissal of a suit leaves a situation, so far as procedures therein are concerned, the same as though the suit had never been brought; and upon such voluntary dismissal, all prior proceedings and orders in the case are vitiated and annulled, and jurisdiction of the court is immediately terminated. A. B. Dick Co. v. Marr (C.C.A.2d), 197 F.2d 498.

After voluntary dismissal, the court was without further jurisdiction and had no right to render any judgment. The case was moot and the parties were cut of court for every purpose. 17 Am.Jur. Dismissal and Discontinuance, § 5. A voluntary dismissal is as if the suit had never been brought. Maryland Cas. Co. v. Latham (C.C.A.5), 41 F.2d 312.

In Loeb v. Willis, 100 N.Y. 231, 3 N.E. 177, it was said:

"* * * By the discontinuance of an action the further proceedings in the action are arrested not only, but what has been done therein is also annulled, so that the action is as if it never had been. * * *"

In Kiser v. Crawford, 182 Iowa 1249, 166 N.W. 577, the court said:

"* * * When the suits were dismissed on February 26th, such dismissal terminated the jurisdiction of the court therein, and carried down with it every previous order made therein. * * *"

See, also Hamilton v. Barricklow, 96 Ind. 398; Connor v. Knott, 10 S.D. 384, 73 N.W. 264. See, also, Bryan v. Smith (C.C.A.7), 174 F.2d 212.

It therefore follows that the trial court had no jurisdiction to enter the order appealed from.

The judgment is reversed and the cause remanded to the district court with directions to vacate the judgment.

It is sc ordered.

COMPTON, C. J., and NOBLE, J., concur.