446 P.2d 218

**BOARD OF EDUCATION, PENASCO INDEPENDENT SCHOOL DISTRICT,**
Plaintiff-Appellee,

v.

**Facundo R. RODRIGUEZ, Defendant-Appellant.**

No. 8589.

Supreme Court of New Mexico.

Oct. 21, 1968.

Charles S. Solomon, Santa Fe, for defendant-appellant.

Eliu E. Romero, Taos, Frank Bachicha, Jr., Santa Fe, for plaintiff-appellee

OPINION

MOISE, Justice.

In Board of Education, Penasco Independent School Distrtict No. 4 v. Rodriguez, 77 N.M. 309, 422 P.2d 351 (1967), we reversed and remanded this cause to the district court with instructions to vacate the judgment appealed from and to dismiss the appeal for lack of jurisdiction. Mandate to this effect was issued on January 30, 1967, and on May 18, 1967, judgment was entered pursuant to the mandate vacating the judgment theretofore entered and dismissing the appeal from the New Mexico State Board of Education for lack of jurisdiction.

On August 21, 1967 appellant, Facundo R. Rodriguez, filed a petition in the cause which had been dismissed as ordered in the mandate, asking that appellee, Board of Education, Penasco Independent School District No. 4 be ordered to pay appellant $10,000.00 salary for the 1963–64 school year or show cause before the court why it has not done so. It was appellant's position that he was entitled to the order by virtue of a stipulation which had been entered into between the parties in a case pending between them in Taos County which contemplated and agreed that the

matter of one year's salary could be handled in this manner.

The order to show cause was issued pursuant to the petition. Appellee filed its response and a hearing was had, following which it was determined by the court that the order had been improvidently issued and it was accordingly quashed. Appellant has appealed from this action, claiming it was error for the trial court to refuse to enforce the stipulation for payment of salary upon final determination of the issues.

As we view the situation, the decision here is controlled by our holdings in Elwess v. Elwess, 73 N.M. 400, 389 P.2d 7 (1964), and in McCuistion v. McCuistion, 73 N.M. 27, 385 P.2d 357 (1963).

We quote from Elwess v. Elwess, supra:

"McCuistion v. McCuistion, 73 N.M. 27, 385 P.2d 357, was an appeal from a judgment awarding attorneys' fees in a divorce action, the judgment coming down after the parties to the action had become reconciled and made a voluntary dismissal of their pending divorce action by stipulation. In that case we said:

'The voluntary dismissal of a suit leaves a situation, * * * the same as though the suit had never been brought; * * * all prior proceedings and orders in the case are vitiated and annulled, and jurisdiction of the court is immediately terminated. * * *

'After voluntary dismissal, the court was without further jurisdiction and had no right to render any judgment. The case was moot and the parties were out of court for every purpose. * * * *' "

■ That the dismissal here was by order of court pursuant to mandate rather than by agreement could not possibly give rise to a different rule. The question is one of jurisdiction. The jurisdiction of the district court on remand was limited to entering of an order dismissing the action, this being what it was directed to do. Sproles v. McDonald, 74 N.M. 243, 392 P.2d

584 (1964). The cause having been dismissed, as directed, the time for appeal from that order having passed, we see no continuing jurisdiction in the trial court to do anything further. Compare Bomer v. Ribicoff, 304 F.2d 427 (6th Cir. 1962); Bryan v. Smith, 174 F.2d 212, 11 A.L.R.2d 1402 (7th Cir. 1949); Crofts v. Court of Civil Appeals, 362 S.W.2d 101 (Tex. 1962).

■ That jurisdiction could not be conferred by stipulation of the parties is also clearly stated in the following, copied from Elwess v. Elwess, supra:

"Appellees contend, however, that a court may vacate and modify its judgment, after it has otherwise lost jurisdiction through the passage of time, if all the parties consent thereto, citing cases from Illinois and Texas. Whatever the rule may be in those states, in New Mexico we have held that jurisdiction of the subject matter may not be conferred by consent. In re Conley's Will, 58 N.M. 771, 276 P.2d 906; State Corporation Commission v. Mountain States Tel. & Tel. Co., 58 N.M. 260, 270 P.2d 685; McCann v. McCann, 46 N.M. 406, 129 P.2d 646; Davidson v. Enfield, 35 N.M. 580, 3 P.2d 979. The word 'jurisdiction' is a term of large and comprehensive import. It includes jurisdiction over the subject matter, over the parties, and power or authority to decide the particular matters presented, and the lack of any essential is fatal to the judgment. In re Field's Estate, 40 N.M. 423, 60 P.2d 945; State v. Patten, 41 N.M. 395, 69 P.2d 931; Bernstein v. Bernstein, 1964, 73 N.M. 365, 388 P.2d 187."

■ The action having been dismissed for lack of jurisdiction in the district court, we cannot perceive of any possible merit to appellant's argument that he was entitled to have the stipulation enforced in this case some ninety days later, if indeed he was entitled to such relief at any time, a proposition that we consider highly questionable without some change of the mandate by this court. See Woodson v. Lee, 74 N.M.

**572**

227, 392 P.2d 419 (1964) ; Sproles v. Mc-Donald, supra.

The judgment appealed from is affirmed. It is so ordered.

NOBLE and COMPTON, JJ., concur.