Mable BELL, Plaintiff-Respondent,

v.

Erma B. KITT, Defendant-Appellant.

No. 12915.

Missouri Court of Appeals, Southern District, Division One.

Aug. 8, 1983.

William E. Gladden, Houston, for appellant.

No appearance for respondent.

FLANIGAN, Presiding Judge.

Appellant Erma B. Kitt appeals from an order of the Circuit Court of Howell County entered August 25, 1982, in Civil Action CV379–348P, finding appellant guilty of civil contempt because of her refusal to comply with an order of that court entered on January 23, 1981. "[A] party may appeal from a conviction for civil contempt." *Teefey v. Teefey*, 533 S.W.2d 563, 565[1] (Mo. banc 1976).

In Civil Action CV379–348P, Mable Bell was plaintiff and Erma Kitt, appellant here, was defendant. The action involved a dispute with respect to the title to 20 acres of land in Howell County. On November 14, 1980, the parties entered into a written stipulation for settlement. The stipulation, which was later filed in the action, recited that "in consideration of plaintiff dismissing her cause of action with prejudice" the parties agreed that the land shall be sold and the proceeds divided equally between them.

On January 23, 1981, the parties appeared in court. The court entered its "decree" finding that "the stipulation is in order." The decree recited (somewhat inaccurately) the contents of the stipulation. The decree concluded: "WHEREFORE, IT IS CONSIDERED, ORDERED AND ADJUDGED by the court that the property be sold in accordance with the stipulation for settlement and that the case be dismissed with prejudice."

On July 13, 1982, plaintiff Mable Bell filed a verified "motion for contempt" stating in part that the defendant "has failed and refused to honor said decree and to perform her stipulation and has not caused nor permitted the land to be sold." The motion sought an order citing defendant to appear and show cause why she should not be held in contempt. Also on July 13, 1982, the court issued its "order to show cause" directed to the defendant. The order was served on defendant the next day. On July 19, 1982, a hearing was held and the parties and their counsel were in attendance.

On August 25, 1982, the court entered its "judgment" reciting the entry of the decree of January 23, 1981, and further reciting that defendant "is guilty of contempt of this court" because of defendant's refusal to comply with the decree. The court ordered defendant committed to the Howell County jail "until such time as she has purged herself of this contempt." The court entered an order of commitment, directed to the sheriff, commanding him to commit defendant to jail.

Although the excellent brief of appellant challenges, on several grounds, the proceedings of 1982, and specifically the "judgment" of August 25, 1982, only one of those grounds requires discussion. For the reason that the action was dismissed on January 23, 1981, pursuant to the stipulation of the parties, it was no longer pending and the proceedings of 1982 were void.

"An order to dismiss terminates the litigation." *Pender v. Pender*, 634 S.W.2d 244, 246 (Mo.App.1982). "Once plaintiffs voluntarily dismissed the action there was nothing before the court upon which it could act." *Emigh Engineering Co., Inc. v. Rickhoff*, 605 S.W.2d 173 (Mo.App.1980).

In *Bryan v. Smith*, 174 F.2d 212 (7th Cir.1949), plaintiffs brought an action for the impressment of a trust upon land to which defendants held the title. While the suit was pending the court, on January 2, 1942, entered an interlocutory order requiring the defendants to convey the land to a trustee. On May 15, 1942, the court dismissed the action with prejudice pursuant to a written stipulation filed by the parties. Five years later the plaintiffs, in the dismissed action, filed a petition alleging that the defendants had not complied with the interlocutory order of January 2, 1942, and prayed that the defendants be ordered to show cause why the prior order had not been complied with. The trial court entered an order on May 3, 1948, finding that defendants had failed to comply with the order of January 2, 1942, and ordered that a special master make the conveyance. The

court of appeals reversed the judgment of the district court and held that the 1948 proceedings were void because the action had been dismissed.

The court said:

"It is a well-settled rule that after a plaintiff has suffered a nonsuit or has dismissed his cause of action, no counterclaim existing, the court is without further jurisdiction and has no right to render any judgment either for or against the plaintiff. The parties are out of court for every purpose other than to carry the order of dismissal or nonsuit into effect or to vacate or modify it. * * *

"It is as if the suit had never been brought.... No steps can be taken upon the suit after dismissal.... Any steps taken thereafter are a nullity.... The dismissal 'carries down with it previous proceedings and orders in the action, and all pleadings, both of plaintiff and of defendant, and all issues, with respect to plaintiff's claim.'

"... There can be no ancillary proceeding to enforce an interlocutory order made in a suit that has been dismissed, as long as the judgment of dismissal remains on the record." (Citing authorities.)

To similar effect see *A.B. Dick Co. v. Marr,* 197 F.2d 498 (2nd Cir.1952); *McCuistion v. McCuistion,* 73 N.M. 27, 385 P.2d 357 (1963); Wright & Miller, Fed.Prac. & Proc.: Civil, Vol. 9, § 2367, p. 186, 11 A.L.R.2d 1407 (Effect of nonsuit, dismissal, or discontinuance of action on previous orders).

The judgment is reversed and appellant is ordered discharged.

GREENE, C.J., and TITUS and CROW, JJ., concur.