862 F.2d 321
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
THOMAS & BETTS CORPORATION, Plaintiff-Appellant,
v.
ROBINSON NUGENT, INC., Defendant-Appellee.
 No. 88-1363.
 United States Court of Appeals, Federal Circuit.
 Oct. 12, 1988.
 
 Before NIES, BISSELL and MAYER, Circuit Judges.
 BISSELL, Circuit Judge.
 
 DECISION
 
 1
 The "entry" of the United States District Court for the Southern District of Indiana, No. NA 84-279-C (April 5, 1988), denying the motion of Thomas & Betts Corporation (T & B) for lack of jurisdiction, is affirmed.
 
 OPINION
 
 2
 T & B's motion sought contempt sanctions for the alleged violation of a discovery protective order by Robinson Nugent's counsel. The district court held that the order was no longer enforceable because it had been entered in an action dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii). T & B contends on appeal that the district court has jurisdiction over activities allegedly violating the protective order, taking place in an unrelated litigation, and occurring after the Rule 41(a)(1)(ii) dismissal. We disagree.
 
 
 3
 In this appeal, we apply the law of the Seventh Circuit because the dispositive issue focuses on matters not unique to patent law. Molins PLC v. Quigg, 837 F.2d 1064, 1066, 5 USPQ2d 1526, 1527 (Fed.Cir.), cert. denied, 108 S.Ct. 2822 (1988). Rule 41(a)(1)(ii) permits litigants to unconditionally dismiss an action by filing a stipulation of dismissal signed by all the parties appearing in the action. Merit Ins. Co. v. Leatherby Ins. Co., 581 F.2d 137, 139 (7th Cir.1978). In the Seventh Circuit, "[a]n unconditional dismissal terminates federal jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by Rule 60(b)." McCall-Bey v. Franzen, 777 F.2d 1178, 1190 (7th Cir.1985). Put simply, "[i]t is as if the suit had never been brought." Bryan v. Smith, 174 F.2d 212, 214 (7th Cir.1949); see also 9 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2367, at 186 (1971).
 
 
 4
 The following statement in Bryan applies here as well:
 
 
 5
 The judgment of dismissal is the only judgment on the record. Rule 60 of the Federal Rules of Civil Procedure, 28 U.S.C.A. has no application, for that judgment is not attacked. It was carried out, and the case was dismissed. It is the interlocutory order ... that is to be revived to justify the action of the court upon the ancillary petition.
 
 
 6
 174 F.2d at 214 (emphasis in original).
 
 
 7
 T & B would have the district court exercise powers, based on an order entered in a now dismissed action, respecting activities taking place after that dismissal on a matter over which the court did not retain jurisdiction. T & B cites to no case law supporting its contention that the protective order and the power to enforce the order survives the Rule 41(a)(1)(ii) dismissal. Applying Seventh Circuit law, the district court appropriately rejected T & B's motion holding that Robinson Nugent could not violate a non-existing order.
 
 COSTS
 
 8
 Robinson Nugent's request for double attorney fees, expenses and costs is denied. Single costs, however, are awarded to Robinson Nugent.