2004-NMCA-091

94 P.3d 867

**Karen Marie BECENTI, Petitioner–Appellant,**

v.

**Lance Leroye BECENTI, Respondent–Appellee.**

No. 24434.

Court of Appeals of New Mexico.

June 3, 2004.

Josephine Foo, DNA People's Legal Services, Inc., Farmington, for Appellant.

Robert E. Tangora, Robert E. Tangora, L.L.C., Santa Fe, for Appellee.

*OPINION*

FRY, J.

{1} In this appeal we address whether the district court had authority to reinstate an action previously dismissed pursuant to Petitioner's request for a "notice of dismissal." Petitioner filed an application for interlocutory appeal from the trial court's order denying her motion to dismiss for lack of jurisdiction. We granted the application and issued a calendar notice proposing to reverse. Respondent has filed a timely memorandum opposing our proposed disposition. Unpersuaded by his arguments, we reverse and remand with instructions to dismiss the action.

*BACKGROUND*

{2} On December 4, 2001, Petitioner filed a pro se petition for divorce in district court. Because the petition was not served on Respondent, he did not file an answer or otherwise appear in the proceeding. More than two years later, on March 24, 2003, Petitioner wrote a letter to the district court requesting a "notice of dismissal." On April 18, 2003, the district court entered a form order dismissing the action pursuant to LR 11–110(B) NMRA 2004. According to that local rule, the district court may dismiss a case upon its own motion whenever it appears from the court file that there has been "insufficient activity" in a case. LR 11–110(B). The order, however, also included a handwritten notation explicitly acknowledging that Petitioner had requested the dismissal and that no responsive pleading had been filed by Respondent.

{3} Following the dismissal, Petitioner filed a petition for divorce in Michigan state court. Although Respondent was served with this petition, he moved to reopen the New Mexico divorce case on June 10, 2003. Petitioner opposed the reopening of the New Mexico case and moved to dismiss for lack of jurisdiction. Granting Respondent's motion and denying Petitioner's motion, the district court reinstated the New Mexico case.

*DISCUSSION*

{4} Petitioner argues that the dismissal of the case was a voluntary dismissal pursuant to Rule 1–041(A)(1)(a) NMRA 2004,

and therefore, the district court was without jurisdiction to reopen the case. In support of this proposition, Petitioner refers to New Mexico case law recognizing that a voluntary dismissal terminates a case, leaving the district court without jurisdiction to take any further action in the case. *See Bd. of Educ., Penasco Indep. Sch. Dist. v. Rodriguez,* 79 N.M. 570, 571, 446 P.2d 218, 219 (1968); *McCuistion v. McCuistion,* 73 N.M. 27, 29, 385 P.2d 357, 358 (1963).

{5} Respondent, however, disputes that a voluntary dismissal occurred, arguing instead that Petitioner's letter to the district court failed to meet the technical requirements of a "notice of dismissal." *See* Form 4–305 NMRA 2004. According to Rule 1–041(A)(1)(a), when a notice of dismissal is filed, the plaintiff unilaterally dismisses the complaint without prejudice. In this case, however, Petitioner *requested* the entry of a notice of dismissal from the district court rather than issuing the notice herself. Because the task of evaluating the sufficiency of pleadings is within the sound discretion of the district court, *see Ennis v. Kmart Corp.,* 2001–NMCA–068, ¶ 7, 131 N.M. 32, 33 P.3d 32, Respondent argues that the district court could properly reject Petitioner's request for dismissal as deficient and dismiss the action under Rule 1–041(E)(2) and LR 11–110(B) for lack of prosecution. Under these rules, reinstatement of the action is permitted if certain conditions are met. Rule 1–041(E)(2); LR 11–110(B).

{6} Respondent correctly points out that under our rules of civil procedure the district court, rather than the court clerk, is charged with the responsibility of evaluating the sufficiency of pleadings and may, in its discretion, determine whether to permit a party to correct any defect or to order the pleading stricken if warranted under the circumstances. *Ennis,* 2001–NMCA–068, ¶ 7. "Even when we review for an abuse of discretion, however, we review the application of the law to the facts de novo." *Garcia v. Jeantette,* 2004–NMCA–004, ¶ 15, 134 N.M. 776, 82 P.3d 947. Moreover, when called upon to apply and interpret rules of civil procedure, we review these questions de novo. *See In re Daniel H.,* 2003–NMCA–063, ¶ 8, 133 N.M. 630, 68 P.3d 176.

{7} Rule 1–041(A)(1)(a) provides that a plaintiff may unilaterally dismiss an action "without order of the court" "by filing a notice of dismissal at any time before service by the adverse party of an answer or other responsive pleading." In this case, Petitioner specifically requested a "notice of dismissal" in her letter to the district court. Although the district court entered a form order dismissing the action pursuant to LR 11–110, the order explicitly noted that Petitioner had initiated the dismissal and that no responsive pleading had been filed in the case. Thus, the district court implicitly acknowledged that the conditions of a voluntary dismissal had been met. *See* Rule 1–041(A)(1)(a); *Martinez v. Friede,* 2004–NMSC–006, ¶ 27, 135 N.M. 171, 86 P.3d 596 ("The substance of the order controls, not its title or form."); *cf. State v. Talamante,* 2003–NMCA–135, ¶ 10, 134 N.M. 539, 80 P.3d 476 (observing in a criminal case that New Mexico courts look past the form to the substance when considering the effects of a dismissal).

{8} Although the document filed by Petitioner was in the form of a request, it was nonetheless a notice to dismiss the case and became effective immediately upon filing, thus rendering the dismissal order of the district court superfluous. *See* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2363, at 266–68 (2d ed. 1995) ("Although Rule 5(a) requires that a notice of voluntary dismissal be served on all other parties, the notice is effective at the moment it is filed with the clerk. It is merely a notice and not a motion, although a notice in the form of a motion is sufficient. No order of the court is required and the court may not impose conditions."); *cf. Century Bank v. Hymans,* 120 N.M. 684, 689, 905 P.2d 722, 727 (Ct.App.1995) ("The movant need not cite the provision authorizing the motion; the substance of the motion, not its title, controls."). Therefore, we conclude that Petitioner filed a Rule 1–041(A)(1)(a) voluntary dismissal, and insofar as the trial court proceeded to dismiss the action for lack of prosecution or insufficient activity pursu-

ant to Rule 1–041(E)(2) and LR 11–110(B), this amounted to an abuse of discretion.

**{9}** Unlike Rule 1–041(E)(2) and LR 11–110(B), which permit reinstatement of a case if good cause is shown by the moving party, Rule 1–041(A) makes no provision for the reinstatement of an action following a voluntary dismissal. As our Supreme Court has recognized, "[t]he voluntary dismissal of a suit leaves a situation . . . the same as though the suit had never been brought . . . and upon such voluntary dismissal, all prior proceedings and orders in the case are vitiated and annulled, and jurisdiction of the court is immediately terminated." *Bd. of Educ., Penasco Indep. Sch. Dist.*, 79 N.M. at 571, 446 P.2d at 219; *Elwess v. Elwess*, 73 N.M. 400, 403, 389 P.2d 7, 9 (1964); *McCuistion*, 73 N.M. at 29, 385 P.2d at 358; *see also* 9 Wright & Miller, *supra* § 2367, at 321–22 ("A voluntary dismissal without prejudice leaves the situation as if the action never had been filed. After the dismissal, the action no longer is pending in the court and no further proceedings in the action are proper.").

**{10}** This construction of voluntary dismissals is consistent with authorities elsewhere interpreting the federal counterpart to Rule 1–041(A)(1)(a). *See Pope v. The Gap, Inc.*, 1998–NMCA–103, ¶ 10, 125 N.M. 376, 961 P.2d 1283 (recognizing that appellate court may look to federal law for guidance when construing rules of civil procedure identical to their federal counterparts). The federal rule "has almost universally been interpreted as a bright-line rule permitting unilateral dismissal before an answer or summary judgment motion is filed that is beyond the authority of the trial court to disturb." *McGriggs v. Montgomery*, 710 So.2d 886, 889 (Miss.Ct.App.1998); *see Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir.1997); *Winterland Concessions Co. v. Smith*, 706 F.2d 793, 795 (7th Cir.1983); *D.C. Elecs., Inc. v. Nartron Corp.*, 511 F.2d 294, 298 (6th Cir.1975); *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir.1963). "There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extin-guished or circumscribed by adversary or court." *Id.*

**{11}** We recognize that in *Meiboom v. Watson*, 2000–NMSC–004, 128 N.M. 536, 994 P.2d 1154, our Supreme Court considered the merits of a motion to set aside a stipulated dismissal. In that case, the jurisdiction of the district court was also raised, but the jurisdictional question centered solely on the expiration of the statute of limitations. *Id.* ¶¶ 6–19. Moreover, the proceedings had progressed much further than in this case: the defendant had filed two motions to dismiss the complaint, *Id.* ¶ 3; whereas, in this case, Respondent had neither appeared nor filed an answer. Further, in *Meiboom*, the party seeking to reopen the action relied on Rule 1–060(B) NMRA 2004, and not Rule 1–041(E)(2). *Meiboom*, 2000–NMSC–004, ¶ 8. Thus, *Meiboom* is factually inapposite and cannot be relied upon to authorize reinstatement of a case under the particular circumstances presented here. *Cf. City of Sunland Park v. Paseo Del Norte Ltd. P'ship*, 1999–NMCA–124, ¶ 7, 128 N.M. 163, 990 P.2d 1286 (cautioning against relying on an opinion as authority for a proposition not explicitly addressed in the opinion, particularly on a point of jurisdiction that the parties and the court may not have appreciated).

**{12}** In his memorandum in opposition, Respondent acknowledges that the clear majority of courts recognizes that the district court's jurisdiction is normally terminated upon the filing of a notice of dismissal, which is self-executing. Nonetheless, he argues that the district court should not be prohibited from exercising its discretion to achieve a different result when it would be equitable to do so. In support of this contention, he relies on *Lujan v. City of Albuquerque*, 2003–NMCA–104, 134 N.M. 207, 75 P.3d 423, and *Armijo v. Albuquerque Anesthesia Services, Ltd.*, 101 N.M. 129, 679 P.2d 271 (Ct. App.1984). Those cases, however, do not assist Respondent because they interpret provisions of a different rule, the summary judgment rule. As discussed above, the voluntary dismissal rule has consistently been interpreted as drawing a bright line that permits unilateral dismissal of a case by a plaintiff in the earliest stages of litigation

(before an answer or responsive pleading has been filed), thus extinguishing the action and leaving it as though no suit had ever been brought. *See McGriggs,* 710 So.2d at 889. Under these circumstances, the district court was without power to further exercise its discretion following the filing of Petitioner's letter.

{13} We also reject Respondent's argument that Petitioner waived the right to challenge the reinstatement of the case when she did not appeal from the order dismissing the case. Petitioner's appeal raises an issue of subject matter jurisdiction which cannot be waived and can be raised at any time. *Gonzales v. Surgidev Corp.,* 120 N.M. 133, 138, 899 P.2d 576, 581 (1995) ("It is well settled that subject matter jurisdiction cannot be waived and may be raised for the first time on appeal."); *Weddington v. Weddington,* 2004–NMCA–034 ¶ 13, 135 N.M. 198, 86 P.3d 623 ("A claim of lack of subject matter jurisdiction can be raised at any time."). Thus, Respondent's claim of waiver is without merit.

{14} For the reasons discussed above, we hold that when a notice of dismissal is requested or filed by a plaintiff before service of an answer or responsive pleading, the jurisdiction of the district court is immediately terminated, and the district court is without power to reinstate the action under Rule 1–041(E)(2). Based on our disposition of this appeal, we need not consider whether New Mexico is the appropriate forum to decide issues under the Uniform Child Custody Jurisdiction and Enforcement Act.

*CONCLUSION*

{15} Accordingly, we reverse the district court's order denying Petitioner's motion to dismiss for lack of jurisdiction and remand with instructions to dismiss the action without prejudice.

{16}   **IT IS SO ORDERED.**

WECHSLER, C.J. and CASTILLO, J., concur.