In the Matter of the Petition by Rudolph OLSON for Judicial Review of Administrative Proceedings of Job Service North Dakota.

Rudolph OLSON, Petitioner and Appellee,

v.

Shirley PETERSON as Executive Director of Job Service North Dakota, Respondent and Appellant.

Civ. No. 10148.

Supreme Court of North Dakota.

May 13, 1982.

William G. Peterson, Asst. Atty. Gen., and Michael J. Wilma, Asst. Atty. Gen., Bismarck, for appellant; argued by William G. Peterson.

Lanier, Knox & Olson, Fargo, for appellee; submitted on brief.

"7. Errors in law occurring at the trial and, when required, excepted to by the party making the application; ..."

PEDERSON, Justice.

Only one issue is presented upon this appeal: whether or not Section 52–06–02(16), NDCC (prior to its amendment in 1981), required a reduction in unemployment compensation benefits to an individual receiving social security benefits. Job Service determined that it did. The trial court held that it did not. We affirm the determination of Job Service and reverse the judgment of the trial court.

Rudolph Olson filed a claim for unemployment compensation benefits on February 27, 1980. Two months later a claims deputy for Job Service made a determination that Olson's unemployment compensation benefits would have to be reduced by the amount of social security benefits he was receiving. The claims deputy also found that Job Service had made an overpayment of $131.00.

Olson appealed to an appeals referee and a hearing was conducted. The appeals referee upheld the reduction in Olson's unemployment compensation, but waived recovery of the overpayment. This decision was reviewed by the Job Service Review Bureau and the determination reducing Olson's unemployment compensation was affirmed. Administrative review procedures for Job Service matters are provided for in § 52–02–02, NDCC, and Chapter 27–02–10, North Dakota Administrative Code. Olson appealed to the district court (Chapter 28–32, NDCC). The district court reversed the determination of Job Service, holding that Olson was entitled to receive unemployment compensation benefits without any reduction for his social security benefits. This appeal followed.

Job Service argued that § 52–06–02(16), NDCC (prior to its amendment in 1981), required unemployment compensation to be reduced by certain pension income. The crucial question is whether or not social security benefits are "a governmental or other pension," as contemplated by the statute and, if so, whether or not a reduction of unemployment compensation benefits is required, or whether the exception in subsection (16)(c) applies. Section 52–06–02(16) states, in part:

"An individual shall be disqualified for benefits:

. . . . . .

"16. For any week which begins after March 31, 1980, and which begins in a period with respect to which the individual is receiving a *governmental or other pension*, unless the weekly benefit amount payable to the individual for the week is reduced, but not below zero:

a. By one-half the prorated weekly amount of the pension if at least one-half the cost of the pension plan was contributed by an employer who employed the individual during the base period, or whose account would be chargeable with any unemployment compensation paid to the individual for the week;

b. By the entire prorated weekly amount of the pension if the entire cost of the pension plan was contributed by such an employer; or

c. *By the entire prorated weekly amount of any governmental or other pension except service disability pension, retirement, or retired pay, annuity, or any other similar periodic payment which is based on any previous work of the individual if the reduction is required as a condition for full tax credit against the tax imposed by the Federal Unemployment Tax Act.*" [Emphasis added.]

An obvious ambiguity is present. Accordingly, we resort to extrinsic aids. *Apple Creek Tp. v. City of Bismarck*, 271 N.W.2d 583 (N.D.1978).

State unemployment programs must conform to certain requirements in order to obtain certification from the United States Department of Labor. 26 U.S.C. § 3304(c). Certification by the United States Department of Labor is necessary in order for an employer to be able to take advantage of a tax credit on his federal unemployment tax liability for payment of his state unemployment tax. 26 U.S.C. § 3302(a)(1). In addi-

tion, certified state programs receive federal grants to cover all administrative costs for their unemployment compensation programs.

One of the federal certification requirements is that certain pension or retirement income must be deducted from unemployment compensation benefits. Our statutory provision, § 52–06–02(16), NDCC, was enacted pursuant to the certification requirement set out in 26 U.S.C. § 3304(a)(15). The federal statute, prior to its amendment in 1980, provided:

"(a) Requirements. The Secretary of Labor shall approve any State law submitted to him, within 30 days of such submission, which he finds provides that—

. . . . .

"(15) the amount of compensation payable to an individual for any week which begins after March 31, 1980, and which begins in a period with respect to which such individual is receiving *a governmental or other pension, retirement or retired pay, annuity, or any other similar periodic payment* which is based on the previous work of such individual shall be reduced (but not below zero) by an amount equal to the amount of such pension, retirement or retired pay, annuity, or other payment, which is reasonably attributable to such week." [Emphasis added.]

Although we have found no cases construing this statutory provision in regard to social security benefits, our examination of the federal statute leads us to the conclusion that it is not ambiguous and that social security benefits are clearly required to be deducted from unemployment compensation benefits.

A Congressional conference report stated that:

". . . States would be required to reduce the unemployment compensation of an individual by the amount of any public or private pension (*including social security retirement benefits* and railroad retirement annuities) based on the claimant's previous employment." H.R.Rep.No.94–1745, 94th Cong., 2d Session (1976), U.S.

Code Cong. & Admin.News, p. 5997. [Emphasis added.]

The United States Department of Labor also interpreted 26 U.S.C. § 3304(a)(15) (1976) to include social security benefits.

"No exhaustive list of the kinds of payments that are deductible is available; however, based on the broad language of the provision, we believe that the following must be deductible; *primary social security old-age and disability retirement benefits,* including those based on self-employment; . . ." Employment and Training Administration, United States Department of Labor, Unemployment Insurance Program Letter No. 24–80 (March 17, 1980). [Emphasis added.]

The legislative history of the North Dakota statute also reveals that our state legislature intended § 52–06–02(16) to require unemployment compensation benefits to be reduced by the amount of social security benefits. *See* committee minutes on S.B. 2339 hearing before Senate Committee on Industry, Business and Labor, 46th Session (February 12, 1979).

Olson argues that § 52–06–02(16)(c) specifically excepts from the reduction "service disability pension, retirement or retired pay, annuity, or any other similar periodic payment. . . ." This interpretation would lead to the absurd conclusion that subsection (16) first requires that certain items be deducted, and then excepts all of those same items from the deduction. Statutes must be construed to avoid ludicrous and absurd results. *State v. Jelliff,* 251 N.W.2d 1 (N.D.1977). We are required by § 1–02–38(3), NDCC, to presume that reasonable results were intended. The law neither does nor requires idle acts; interpretations must be reasonable. Section 31–11–05(23) and (33), NDCC.

The judgment of the district court is reversed and the Job Service determination is affirmed. The case is remanded for entry of judgment in accordance herewith. No costs will be allowed under Rule 39(a), NDRAppP.

ERICKSTAD, C. J., and PAULSON, SAND and VANDE WALLE, JJ., concur.