879 P.2d 83

**Peter E. WASKO, Petitioner–Appellant,**

v.

**NEW MEXICO DEPARTMENT OF LABOR, EMPLOYMENT SECURITY DIVISION, Respondent–Appellee.**

No. 21775.

Supreme Court of New Mexico.

July 20, 1994.

Peter E. Wasko, pro se.

Tom Udall, Atty. Gen., Connie Reischman, Sp. Asst. Atty. Gen., Albuquerque, for appellee.

*OPINION*

BACA, Justice.

Petitioner–Appellant, Peter E. Wasko, appeals from a district court order affirming two decisions issued by Respondent–Appellee, the Employment Security Division of the

New Mexico Department of Labor (the "Employment Division"). The Employment Division held that Wasko's social security payments were deductible from state unemployment compensation benefits that he was receiving. On appeal, we address whether the trial court erred by affirming the decisions of the Employment Division. This issue raises the question of whether the 1993 amendment to NMSA 1978, Section 51–1–4(B)(3) (Repl. Pamp.1991) (the "1991 version") (governing the monetary computation of unemployment compensation benefits), changed or clarified the law with respect to whether social security benefits are deductible from state unemployment compensation benefits. We review this case pursuant to NMSA 1978, Section 51–1–8(N) (Repl.Pamp.1993),[1] SCRA 1986, 1–081(B)(5) (Repl.Pamp.1992),[2] and SCRA 1986, 12–102(A)(6) (Repl.Pamp.1992),[3] and reverse.

## I.

On April 3, 1992, Wasko was discharged by his employer, the New Mexico State Environment Department (the "Environment Department"). On January 10, 1993, Wasko filed a claim for unemployment compensation benefits. The Employment Division initially decided that Wasko was eligible for a weekly benefit amount of $191 with maximum benefits payable of $4966. On February 25, 1993, a claims examiner of the Employment Division determined that Wasko received "a periodic payment from an employer whose wages were used to monetarily compute [his] present claim for unemployment compensation." (Capitalization in original omitted.) Under the 1991 version of Section 51–1–4(B)(3), the claims examiner reduced Wasko's weekly benefit amount to $116 and maximum benefits payable to $3016.

Wasko appealed the reduction of his benefits on March 11, 1993. A hearing was held on March 29, 1993. A hearing officer for the

Employment Division found that Wasko was receiving a monthly social security payment of $646.60 and that his former employer, the Environment Department, had contributed to his social security "by paying the employer's share of the FICA taxes." Consequently, the hearing officer affirmed the reduction of Wasko's benefits, concluding that this reduction was required under the 1991 version of Section 51–1–4(B)(3).

On April 28, 1993, the Employment Division issued a notice to Wasko informing him that, because of "a change in Section 51–1–4(B)(3) ... effective [April 4, 1993], social security benefits are no longer deductible from unemployment claims." (Capitalization in original omitted.) Effective the week ending April 10, 1993, the Employment Division reinstated Wasko's weekly benefit amount to $191 and increased the maximum benefits payable to $4141.

Although the Employment Division reinstated his weekly benefit amount, Wasko appealed the temporary reduction of his benefits to the Employment Division's Board of Review (the "Board"). In a written decision issued on May 10, 1993, the Board noted that 1993 N.M. Laws, chapter 209, section 1, effective April 5, 1993, "amended [NMSA 1978, Section 51–1–4(B)(3) (Repl.Pamp.1991) ] to state that [s]ocial [s]ecurity payments are no longer deductible from unemployment compensation benefits." Presumably because the change to Section 51–1–4(B)(3) did not become effective until April 5, 1993, the Board affirmed the hearing officer's decision "in its application to the claimant's benefit eligibility for weeks of unemployment prior to April 3, 1993 and modified to eliminate the [s]ocial [s]ecurity payment deduction thereafter." On July 21, 1993, the Cabinet Secretary for the Department of Labor (the "Secretary") filed a separate decision that affirmed the reduction of Wasko's weekly ben-

1. Section 51–1–8(N) requires that appeals from a district court judgment reviewing final decisions of the Secretary of Labor or Board of Review on claims for unemployment compensation benefits be taken to the Supreme Court.

2. SCRA 1–081(B)(5) directs the parties to appeal district court judgments reviewing Secretary of

Labor or Board of Review decisions to the Supreme Court.

3. SCRA 12–102(A)(6) requires that appeals be taken to the Supreme Court in any matter "in which jurisdiction has been specifically reserved to the supreme court by the New Mexico Constitution or by supreme court order or rule."

efit amount "from the date of his claim to the [week ending] April 10, 1993."

Wasko appealed these decisions to the district court. The court held a hearing on Wasko's appeal on August 20, 1993 and issued its final order on September 7, 1993. The court affirmed the decisions by the Board and the Secretary, finding that the decisions "are supported by substantial evidence in the record and are in accordance with the Unemployment Compensation Law." Wasko appealed his case to the Court of Appeals. The Court of Appeals transferred Wasko's case to this Court pursuant to Section 51–1–8(N), SCRA 1–081(B)(5), and SCRA 12–102(A)(6).

## II.

■ On appeal, we address whether the district court erred by affirming decisions of the Employment Division that held that Wasko's unemployment payments should be offset by his social security benefits for an eleven-week period prior to the effective date of the 1993 amendment to Section 51–1–4(B)(3). The issue of whether social security payments are deductible from unemployment benefits under the 1991 version of Section 51–1–4(B)(3) is a question of first impression in New Mexico. The 1991 version, in effect at the time Wasko filed for unemployment compensation benefits, states in pertinent part that

each eligible individual who, pursuant to a plan financed in whole or in part by a base-period employer of such individual, *is receiving a governmental or other pension, retirement pay, annuity or any other similar periodic payment that is based on the previous work of such individual* and who is unemployed with respect to any week ending subsequent to April 9, 1981, shall be paid with respect to such week, in accordance with regulations prescribed by the secretary, compensation equal to his weekly benefit amount *reduced, but not below zero, by the prorated amount of such pension, retirement pay, annuity or other similar periodic payment that exceeds the percentage contributed to the plan by the eligible individual.*

NMSA 1978, § 51–1–4(B)(3) (Repl. Pamp.1991) (emphasis added). The 1993 amendment to Section 51–1–4(B)(3) added the following language: "If payments referred to in this section are being received by any individual under the federal Social Security Act, the division shall take into account the individual's contribution and make no reduction in the weekly benefit amount." NMSA 1978, § 51–1–4(B)(3) (Repl. Pamp.1993).

Resolution of the issue presented by Wasko's appeal turns on whether the 1993 amendment changed or clarified the existing law. Wasko contends that social security payments were never deductible from unemployment compensation payments under the 1991 version, and that the 1993 amendment was merely meant to clarify the preexisting meaning of the statute. The Employment Division argues that under state and federal case law interpreting similar statutes, social security benefits should be deducted from unemployment compensation payments under the 1991 version. The state and federal cases cited by the Employment Division interpret 26 U.S.C. § 3304(a)(15) (1976), the federal predecessor to state statutes such as Section 51–1–4(B)(3). In interpreting Section 3304(a)(15) or similarly-worded state statutes, the cases either hold that the plain meaning of Section 3304(a)(15) or its legislative history require social security benefits be deducted from state unemployment compensation benefits. *See, e.g., Olson v. Peterson (In re Olson),* 319 N.W.2d 147, 149 (N.D. 1982) (legislative history); *Rivera v. Becerra,* 714 F.2d 887, 893 (9th Cir.1983) (plain meaning), *cert. denied,* 465 U.S. 1099, 104 S.Ct. 1591, 80 L.Ed.2d 124 (1984).

■ We hold that the 1993 amendment was meant to clarify the existing law rather than change the law. The state and federal cases cited by the Employment Division do not compel us to hold that the 1991 version required the deduction of social security benefits from unemployment compensation benefits. The law of statutory construction presumes that when the legislature amends a statute, it intends to change the existing law. *See Resolution Trust Corp. v. Binford,* 114 N.M. 560, 568, 844 P.2d 810, 818 (1992);

*Martinez v. Research Park, Inc.*, 75 N.M. 672, 681, 410 P.2d 200, 206 (1965), *overruled on other grounds by Lakeview Invs., Inc. v. Alamogordo Lake Village, Inc.*, 86 N.M. 151, 155, 520 P.2d 1096, 1100 (1974). We recognize, however, that an amendment may clarify existing law, rather than change the law, if the statute was ambiguous or unclear prior to the amendment. *Binford*, 114 N.M. at 568, 844 P.2d at 818; 1A Norman J. Singer, *Sutherland Statutory Construction* § 22.01, at 172 (5th ed. 1993) ("It must be remembered that when a statute is ambiguous, amendment of the statute may indicate a legislative purpose to clarify the ambiguities in the statute rather than to change the law.").

The 1991 version is, on its face, ambiguous about whether social security benefits are deductible from unemployment compensation benefits. The statute provides that the eligible individual's weekly benefit amount be reduced by the prorated amount of the individual's pensions, retirement pay, annuities or "other similar periodic payments." NMSA 1978, § 51-1-4(B)(3) (Repl. Pamp.1991). The statute does not enumerate social security payments as an item to be deducted from unemployment compensation benefits, and it is otherwise unclear from the statute's language whether social security payments were intended to constitute pensions, retirement pay, annuities or "other similar periodic payments" for the purposes of calculating the weekly benefit amount. Considering the inherent ambiguity of the 1991 version, the fact that New Mexico appellate courts had not interpreted the statute, and the fact that a growing body of federal and state case law interpreted similar statutes to require the deduction of social security payments from unemployment compensation benefits, it is reasonable to conclude that the legislature intended the 1993 amendment to clarify the preexisting meaning of the statute rather than to change the law.

Because we hold that the 1993 amendment was meant to clarify the law, Wasko is entitled to $825 in benefits from the Employment Division. *See Swink v. Fingado*, 115 N.M. 275, 284-85, 850 P.2d 978, 987-88 (1993)

(recognizing that a clarification of existing law "may properly be regarded as having retroactive effect"). This amount is the additional amount of benefits that he would have received if the Employment Division had not reduced his weekly benefits from $191 to $116. We hold that the district court erred by affirming the decisions of the Employment Division. The district court order is vacated, and this case is remanded for entry of judgment in conformity with this opinion.

**IT IS SO ORDERED.**

MONTGOMERY, C.J. and RANSOM, J., concur.