This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41699**

**TODD M. LOPEZ, as Guardian**
**Ad Litem for C.A.,**

      Plaintiff-Appellee,

v.

**WESLEY BAKER and**
**MEWBOURNE OIL COMPANY,**

      Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Kathleen McGarry Ellenwood, District Court Judge**

Glasheen, Valles & Inderman, LLP
Jim Hund
Jason Medina
Lubbock, TX

Jaramillo Law Firm, PC
David J. Jaramillo
Albuquerque, NM

for Appellee

Gallagher, Casados & Mann, P.C.
Wesley C. Jackson
Albuquerque, NM

for Appellant Wesley Baker

Atler Law Firm, P.C.
Timothy J. Atler
Jazmine J. Johnston
Albuquerque, NM

McCoy Leavitt Laskey LLC
H. Brook Laskey
Kevin Banville
Albuquerque, NM

for Appellant Mewbourne Oil Company

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}**     Defendants Mewbourne Oil Company (MOC) and Wesley Baker appeal from the district court's order denying their motion to compel arbitration. On appeal, Defendants argue: (1) the district court erred by failing to enforce the Mutual Arbitration Agreement's (MAA) delegation clause; and (2) the district court's conclusion that the MAA is unconscionable rests on an erroneous foundation that it is per se unconscionable to allow a third-party beneficiary to enforce an arbitration agreement. We reverse.

**BACKGROUND**

**{2}**     The underlying action arises from an incident at MOC's Red Hills West Unit 026H Well in Lea County, New Mexico. At the time of the incident, C.A. was an employee of Patterson UTI Energy Incorporated (Patterson), working as a laborer on the well. He was injured while removing pipe from the well. Wesley Baker worked for MOC as an independent contractor at the wellsite.

**{3}**     Plaintiff Todd Lopez, as Guardian ad Litem for C.A., filed suit in the district court on December 8, 2022, against Defendants based on injuries C.A. suffered. Defendants filed their separate answers in February 2023. The parties began exchanging discovery requests and responses. The district court entered a Rule 1-016(B) NMRA scheduling order on May 12, 2023.

**{4}**     On July 20, 2023, Defendant MOC served a subpoena duces tecum to Patterson. Patterson produced the relevant documents on August 2, 2023. Among the documents produced was the MAA that C.A. and Patterson signed in May 2022 when C.A. began his employment with Patterson. Within seven days of discovering the existence of the MAA, Defendants filed an expedited motion to compel arbitration asserting "[t]he [MAA] is presumptively valid and unequivocally covers all tort and personal injury claims C.A. may have against Patterson's customers" including Defendants, and as such, "C.A. is required to subject all of the claims in this matter to arbitration."

**{5}**     Following the parties' briefing on Defendant's motion to compel, the district court entered an order denying the motion. In the order, the district court found: (1) Defendants did not waive their right to file a demand for arbitration; (2) the parties waived the right to have an arbitrator decide the gateway issue of arbitrability since

neither party raised the delegation clause in their pleadings; and (3) the delegation clause is substantively unconscionable. This appeal follows.

## DISCUSSION

### I.        Standard of Review

**{6}**      "We review de novo a district court's order denying a motion to compel arbitration." *Ruppelt v. Laurel Healthcare Providers, LLC*, 2013-NMCA-014, ¶ 6, 293 P.3d 902. Similarly, "[t]he question of whether a contract provision is unconscionable is a matter of law that we also review de novo." *Id.* It is the "party attempting to compel arbitration [that] carries the burden of demonstrating that the arbitration agreement [in question] is valid." *Id.*

### II.       Demand for Arbitration

**{7}**      As an initial matter, we address Plaintiff's assertion that the district court erred in finding that Defendants did not waive their right to compel arbitration. We address this argument because Defendants responded to it in their reply brief. *See Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶ 29, 127 N.M. 282, 980 P.2d 65 (stating that appellate courts need not review arguments not raised in the brief in chief unless such arguments are responsive to "new arguments or authorities presented in the answer brief" (internal quotation marks and citation omitted)).

**{8}**      In determining whether waiver has occurred, our inquiry "depends on the facts of each case." *Bd. of Educ. Taos Mun. Schs. v. Architects, Taos*, 1985-NMSC-102, ¶ 7, 103 N.M. 462, 709 P.2d 184. "[W]hen the underlying facts are not in dispute, the question of whether a party has waived its right to arbitration is a legal matter subject to de novo review." *Am. Fed'n of State, Cnty. & Mun. Emps. v. City of Albuquerque*, 2013-NMCA-049, ¶ 8, 299 P.3d 441.

**{9}**      Plaintiff asserts that Defendants waived their right to arbitrate by missing the ten-day deadline provided for in Rule 1-007.2 NMRA. *See id.* ("A party seeking to compel arbitration of one or more claims shall file and serve on the other parties a motion to compel arbitration no later than ten (10) days after service of the answer or service of the last pleading directed to such claims."). Plaintiff points out that Defendants filed answers in February 2023, but did not file their motion to compel until August 2023—almost six months after the deadline set out in Rule 1-007.2. According to Plaintiff, Rule 1-007.2's language regarding the ten-day deadline is mandatory and "[n]othing within the text of the mandatory language of Rule 1-007.2 leaves room for flexibility." Even if equitable defenses apply, Plaintiff argues, those defenses do not apply to the circumstances of this case because Defendants "exploited discovery mechanisms available only in litigation, invoked the discretionary power of the court, and inexplicably failed to exercise any due diligence to learn about the existence of the [MAA]."

**{10}** Defendants' respond that the district court correctly concluded that they did not waive their right to compel arbitration because Rule 1-007.2 is subject to equitable exceptions and the district court properly found no waiver on grounds that Defendants were not initially aware of the MAA and they did not take significant actions inconsistent with the right to arbitrate. Moreover, Defendants assert that any argument that Plaintiff now raises concerning Rule 1-007.2 is unpreserved because "he failed to mention Rule 1-007.2[,] much less . . . argue that its language is mandatory" in either his response to the motion to compel or at the hearing on the motion.

**{11}** First, we agree with Defendants that Plaintiff waived his argument concerning the mandatory language of Rule 1-007.2. This argument was not raised in Plaintiff's response to Defendant's motion to compel arbitration, nor does he point to any other place in the record where he preserved such an argument.

**{12}** Next, turning to Plaintiff's waiver argument, the district court found that Defendants did not waive their right to request arbitration because "[t]here was no evidence that . . . Defendants knew about the MAA and failed to exert their right to arbitrate." Specifically, the district court found that once Defendants "discovered that Patterson and C.A. had signed the MAA, they filed the [m]otion to [c]ompel [a]rbitration." The district court further found that Plaintiff did not show prejudice and that "the machinery of the judicial system [had not] been invoked in any substantive way." Therefore, the district court ultimately found that "while . . . Defendants did not strictly comply with the letter of Rule 1-007.2, they did comply with the spirit of the rule" and that "[t]here was no intent to waive arbitration when they were unaware it was an option."

**{13}** Based on the foregoing, we conclude that the district court did not err in finding that Defendants did not waive their right to compel arbitration. "To constitute a waiver, there must be an existing right, a knowledge of its existence, and an actual intention to relinquish it, or such conduct as warrants an inference of the relinquishment. It is a voluntary act and implies an abandonment of a right or privilege. In no case will a waiver be presumed or implied contrary to the intention of the party whose rights would be injuriously affected thereby, unless, by [their] conduct, the opposite party has been misled, to [their] prejudice, into the honest belief that such waiver was intended or consented to."[1] *Brown v. Jimerson*, 1980-NMSC-125, ¶ 6, 95 N.M. 191, 619 P.2d 1235 (internal quotation marks and citation omitted).

---

[1]We take a moment to briefly address Defendants' knowledge of the MAA and their right to enforce arbitration. Here, Defendants were unaware of the existence of the MAA until MOC served a subpoena duces tecum to Patterson, and consequently, Defendants were also unaware of their third-party beneficiary status until that time. We decline to hold Defendants' lack of knowledge about the MAA against them under these circumstances. In this case, Defendants were not signatories to the MAA and it is undisputed that they did not receive a copy of the document before the discovery process had taken place—nor is there any indication that Defendants should have known about its existence. *See Rankin v. Ridge*, 1948-NMSC-068, ¶ 24, 53 N.M. 33, 201 P.2d 359 ("'We think the better rule is that a contract made upon a valid consideration between two or more parties for the benefit of a third may be enforced by such third party if [they] accept[] it after it is made, though [they are] not named in the contract or may

**{14}** Before addressing Plaintiff's next argument, we take a moment to consider the statutory argument presented by the dissent. The dissent asserts that Plaintiff raised a statutory argument concerning Rule 1-006(B)(1) NMRA. However, upon review of the answer brief, Plaintiff did not reference Rule 1-006(B)(1) in its briefing on appeal. In arguing that Defendants waived their right to compel arbitration, Plaintiff relied only on the language of Rule 1-007.2—not Rule 1-006(B)(1). Beyond relying on the absence of language permitting flexibility within Rule 1-007.2 and citing to unrelated case law, Plaintiff cited no legal authority supporting its contention that traditional waiver principles have been held to be inapplicable to Rule 1-007.2, in particular. Where a party fails to cite to relevant case law in support of their arguments, we assume no such relevant authority exists. *See Lee v. Lee* (*In re Adoption of Doe*), 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("We assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority."). Despite the absence of any legal argument concerning Rule 1-006(B)(1) in Plaintiff's briefing on appeal, we remain unpersuaded by the dissent's claim that the exception for excusable neglect provided for by Rule 1-006(B)(1) does not apply in this case. Notably, the dissent does not provide a single case supporting its assertion that Defendants' lack of knowledge of the MAA cannot qualify as excusable neglect. Again, as the district court found, we too see no basis to fault Defendants for their lack of knowledge regarding the MAA. Additionally, we reject the dissent's suggestion that Defendants' lack of awareness of the MAA somehow nullifies their contractual right to arbitrate under New Mexico's third-party beneficiary doctrine. Plaintiff has cited no evidence on appeal indicating that Defendants could have discovered the MAA before the discovery process. As we have previously held, "[w]here a party fails to cite any portion of the record to support its factual allegations, th[is] Court need not consider its argument on appeal." *Wachocki v. Bernalillo Cnty. Sheriff's Dep't*, 2010-NMCA-021, ¶ 15, 147 N.M. 720, 228 P.3d 504; *see also Corona v. Corona*, 2014-NMCA-071, ¶ 26, 329 P.3d 701 (declining to review a contention that a finding was in error because the party contesting the finding did not direct this Court to contrary evidence).

**{15}** We now turn to Defendant's argument regarding waiver of the delegation clause.

## III.   Waiver and the Delegation Clause

**{16}** The first of Defendants' issues is whether the district court erred in finding that Defendants waived their right to invoke the MAA's delegation clause. On appeal, Defendants argue that the district court erred in failing to enforce the delegation clause, asserting both that Plaintiff failed to specifically challenge the delegation clause, which was his burden, and that the district court's own findings establish the validity of the

---

not have known of it at the time.'" (quoting *Johnson v. Armstrong & Armstrong*, 1937-NMSC-014, ¶ 17, 41 N.M. 206, 66 P.2d 992)). We certainly acknowledge the principle that "[o]nly intended beneficiaries can seek enforcement of a contract[,]" *see Premier Tr. of Nev., Inc. v. City of Albuquerque*, 2021-NMCA-004, ¶ 27, 482 P.3d 1261 (internal quotation marks and citation omitted); however, here, Plaintiff develops no legal argument that Defendants were not an intended beneficiary of the MAA. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("It is of no benefit either to the parties or to future litigants for [an appellate c]ourt to promulgate case law based on [its] own speculation rather than the parties' carefully considered arguments.").

delegation clause. Plaintiff responds that the district court properly concluded that Defendants waived the right to invoke the delegation clause by invoking the jurisdiction of the district court on several issues. Accordingly, Plaintiffs assert that Defendants invited error by invoking the authority of the district court on matters that they now claim were delegated solely to the arbitrator.

**{17}** Generally, "the arbitrability of a particular dispute is a threshold issue to be decided by the district court unless there is *clear and unmistakable evidence* that the parties decided otherwise under the terms of their arbitration agreement." *Felts v. CLK Mgmt., Inc.*, 2011-NMCA-062, ¶ 17, 149 N.M. 681, 254 P.3d 124 (emphasis added). Parties may agree to have an arbitrator, rather than a court, decide gateway questions of arbitrability. *See id.* ¶ 18. Such an agreement is referred to as a "delegation provision." *Id.* To put it simply, a delegation provision is an agreement to arbitrate arbitrability. "In referring questions of arbitrability to an arbitrator through the enforcement of a delegation provision, courts must, however, ensure that there is 'clear and unmistakable' evidence that the parties agreed to arbitrate questions of arbitrability." *Id.* (internal quotation marks and citation omitted).

**{18}** In its order denying Defendants' motion to compel arbitration, the district court acknowledged that "absent a successful attack on the [delegation] clause specifically, [the delegation clause] constitutes clear and unmistakable evidence of the parties' agreement to arbitrate gateway issues." We agree. The delegation clause states, "The [a]rbitrator, and not any federal, state, or local court or agency, shall have [the] *exclusive authority* to resolve *any* dispute relating to *the interpretation, applicability, enforceability, waiver, or formation* of th[e MAA] including, but not limited to any claim that all or any part of th[e MAA] is void or voidable." (Emphases added.) The emphasized language is clear and unmistakable evidence that the parties intended to arbitrate questions of arbitrability. *See Felts*, 2011-NMCA-062, ¶ 22 ("Our Supreme Court has stated that courts must interpret the provisions of an arbitration agreement according to the rules of contract law and apply the plain meaning of the contract language in order to give effect to the parties' agreement." (alteration, internal quotation marks, and citation omitted)).

**{19}** Despite the district court's finding that the delegation clause constitutes clear and unmistakable evidence of the parties' agreement to arbitrate gateway issues, it proceeded to find that Defendants waived their right to invoke the delegation clause. The district court found, citing to this Court's opinion in *Ruppelt*, 2013-NMCA-014, ¶ 8, that because Plaintiff challenged the enforceability of the entire MAA, "Defendants waived their argument that the arbitrator had exclusive authority to decide arbitrability because they decided to voluntarily address the enforceability of the [MAA] in the district court and never even suggested that the [district] court did not have authority to address the issue." In reaching this conclusion, the district court found that "neither party addressed the delegation clause in the[ir] merits briefing on this issue, [and] instead it was raised out of time and without permission from the [district] court in supplemental pleadings that have been stricken."

**{20}** Although we acknowledged in *Ruppelt* that a delegation clause, like an arbitration clause, is subject to waiver, we decline to find waiver under the facts and circumstances of this case. *See id.* ¶ 8 (determining that defendants waived any delegation argument by voluntarily addressing the enforceability of an arbitration agreement in the district court and by "never even suggest[ing] that the [district] court did not have authority to address the issue"). In *Ruppelt*, this Court held that the defendants failed entirely to raise the delegation clause to the district court and only raised it for the first time on appeal. *See id.* ¶¶ 8-9. Accordingly, in that case we held that any "contention regarding the proper forum to rule on the delegation clause was either waived or acquiesced to and conceded in the district court." *Id.* ¶ 9.

**{21}** In this case, however, Defendants brought the delegation clause to the district court's attention on two occasions before entry of its order denying Defendants' motion to compel, once on September 20, 2023, in their notice of supplemental authority that was struck by the district court, and then again on September 27, 2023, during the hearing on their motion to compel arbitration. During the hearing, Defendants stated that if the district court were inclined to rule that they had waived their delegation clause argument, they could withdraw the motion to compel and refile it with the delegation clause argument once Plaintiff filed an anticipated amended complaint.

**{22}** Following the hearing on Defendants' motion, the district court entered an order striking their notice of supplemental authority from the record, stating that neither party sought leave to file supplemental briefing under LR1-201 NMRA. Nevertheless, the district court stated that it "is aware of the caselaw that was submitted . . . [and that it] is bound by the decisions of the New Mexico [a]ppellate [c]ourts."

**{23}** Because Defendants raised the delegation clause in the district court before the entry of the order denying their motion to compel arbitration, we conclude that they did not waive their right to invoke the delegation clause. *See Clay v. N.M. Title Loans, Inc.*, 2012-NMCA-102, ¶ 7, 288 P.3d 888 (stating that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability" (internal quotation marks and citation omitted)). The facts of this case are significantly different from those in *Ruppelt*, where the defendants completely failed to raise the delegation clause in the district court. *See* 2013-NMCA-014, ¶ 8. In reaching this conclusion, we emphasize that arbitration is a "highly favored" form of dispute resolution. *See Santa Fe Techs., Inc. v. Argus Networks, Inc.*, 2002-NMCA-030, ¶ 51, 131 N.M. 772, 42 P.3d 1221. "It promotes both judicial efficiency and conservation of resources by all parties." *Id.*

## IV.    Unconscionability

**{24}** Because it is undisputed that Plaintiff did not specifically challenge the delegation provision in the district court, we conclude that the district court erred by considering Plaintiff's claim of unconscionability.

**{25}** Consistent with the United States Supreme Court's holding in *Rent-A-Center West, Inc. v. Jackson*, 561 U.S. 63, 71-75 (2010), this Court has acknowledged that "where a delegation provision granting an arbitrator the authority to determine the validity of an arbitration agreement exists, a district court is precluded from deciding a party's claim of unconscionability unless that claim is based on the alleged unconscionability of the delegation provision itself." *Felts*, 2011-NMCA-062, ¶ 20. In essence, "a party must specifically challenge the delegation provision in order for a court to consider the challenge rather than referring the matter to an arbitrator." *Id.*

**{26}** In response to Defendant's motion to compel arbitration, Plaintiff raised several arguments, including a claim that the MAA as a whole is substantively unconscionable due to its inclusion of third parties. Plaintiff did not mount any challenge, including one based on unconscionability, to the delegation clause itself.

**{27}** Despite Plaintiff failing to mount a specific challenge to the delegation clause, the district court, in its order denying Defendant's motion to compel arbitration, considered "whether the delegation clause is unconscionable in order to determine whether [it could] move forward in reviewing the agreement, or submit it to the arbitrator." In doing so, the district court seemingly conflated principles of contract validity with principles of contract enforcement. Moreover, the district court's analysis relating to unconscionability focused on the MAA as a whole and made no mention of unconscionability as it relates to the delegation provision itself. We emphasize that "[i]n New Mexico, unconscionability is a question of contract enforcement and not a question of validity." *Juarez v. THI of N.M. at Sunset Villa, LLC*, 2022-NMCA-056, ¶ 27, 517 P.3d 918; *see also Figueroa v. THI of N.M. at Casa Arena Blanca, LLC*, 2013-NMCA-077, ¶¶ 17-18, 306 P.3d 480 (stating "consideration and unconscionability are two different analyses under contract law," and explaining that "[c]onsideration is a prerequisite to the legal formation of a valid contract" whereas "[u]nconscionability, on the other hand, is an equitable doctrine, rooted in public policy, which allows courts to render unenforceable an agreement that is unreasonably favorable to one party," and therefore "New Mexico . . . does not equate . . . consideration with a conscionable contract" (emphasis, internal quotation marks, and citation omitted)).

**{28}** Because Plaintiff did not specifically challenge the delegation clause, we conclude that the district court erred by addressing the unconscionability of the delegation clause and by considering Plaintiff's argument regarding the unconscionability of the MAA as a whole. Again, "a party must *specifically* challenge the delegation provision in order for a court to consider the challenge rather than referring the matter to an arbitrator." *Felts*, 2011-NMCA-062, ¶ 20 (emphasis added). "If the court finds that threshold or gateway questions have been delegated to the arbitrator, the court must respect the parties' decision as embodied in the contract absent a specific challenge to the delegation provision." *Szantho v. THI of N.M. at Sunset Villa, LLC*, ___-NMCA-___, ¶ 15, ___ P.3d ___ (A-1-CA-41036, Feb. 6, 2025) (internal quotation marks and citation omitted)).

**{29}** Given that the parties clearly and unmistakably delegated questions of arbitrability to the arbitrator, and Plaintiff did not specifically challenge the delegation clause, the proper forum for Plaintiff to bring his claims is arbitration and not the district court. *See Felts*, 2011-NMCA-062, ¶ 20. "When a party agrees to a non[]judicial forum for dispute resolution, the party should be held to that agreement." *Lisanti v. Alamo Title Ins. of Tex.*, 2002-NMSC-032, ¶ 17, 132 N.M. 750, 55 P.3d 962. Therefore, the district court erred in denying Defendants' motion to compel arbitration by finding waiver and reaching Plaintiff's contract enforcement arguments.

**CONCLUSION**

**{30}** For the foregoing reasons, we reverse and remand with instructions for the district court to enter an order compelling arbitration.

**{31}  IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**I CONCUR:**

**GERALD E. BACA, Judge**

**JANE B. YOHALEM, Judge (dissenting)**

**YOHALEM, Judge (dissenting).**

**{32}** I write separately to address Plaintiff's argument for affirmance under Rules 1-007.2 and 1-006(B)(1) of the district court's decision denying Defendant's motion to compel arbitration as right for any reason. I first address the majority's conclusion that this Court need not review this claim on appeal because it was not preserved in the district court. Concluding that preservation is not required, I next turn to the merits of Plaintiff's Rule 1-007.2 argument. I would affirm under Rule 1-007.2. Because the majority holds otherwise, I respectfully dissent.

**{33}** First, I disagree with the majority's decision that this issue is not properly before this Court because it was not preserved in the district court. Preservation is not required when an appellee asks this Court to "affirm a district court ruling on a ground not relied upon by the district court." *See Meiboom v. Watson*, 2000-NMSC-004, ¶ 20, 128 N.M. 536, 994 P.2d 1154 (internal quotation marks and citation omitted). "Application of the preservation rule is limited to alleged errors by the district court; it is unnecessary for the appellee to preserve arguments that support the district court's decision as long as the arguments are not fact based such that it would be unfair to the appellant to entertain those arguments." *Piano v. Premier Distrib. Co.*, 2005-NMCA-018, ¶ 17, 137 N.M. 57, 107 P.3d 11.

**{34}** In this case, the district court denied Defendant's motion to compel arbitration based on the court's conclusion that no contract to arbitrate had been formed between Plaintiff and Defendants because there was no consideration. The majority decided that this ground is not well-founded because Defendants are third-party beneficiaries and that, therefore, reversal is required. I agree with the majority's rejection of this ground for affirmance.

**{35}** Plaintiff, the appellee in this appeal, argues that this Court should affirm the district court's decision on an alternative ground—that Defendants' late filing of their motion to compel arbitration months after the deadline set by Rule 1-007.2 without a showing of excusable neglect supports affirmance of the district court's ruling.

**{36}** Plaintiff's right for any reason argument requires this Court to construe Rule 1-007.2 and Rule 1-007.2's relationship to Rule 1-006(B)(1), which lists the grounds for an extension of the time limits specified in the rules of civil procedure. Construction of our Supreme Court's rules of civil procedure is a question of law, as is the application of the rules to the facts. *Becenti v. Becenti*, 2004-NMCA-091, ¶ 6, 136 N.M. 124, 94 P.3d 867. This is not a case where the new ground raised for decision by appellee is fact-based, making it unfair to the appellants to consider it for the first time on appeal. The necessary facts are undisputed and are already in the record. Both parties have extensively briefed the Rule 1-007.2 issue on appeal. I, therefore, believe that the merits of this argument are properly before this Court.

**{37}** As I have already noted, whether Rule 1-007.2 supports affirmance of the district court's decision to deny Defendant's motion to compel arbitration raises a question of construction of our Supreme Court's rules of civil procedure. "[W]hen called upon to apply and interpret rules of civil procedure, we review these questions de novo." *Becenti*, 2004-NMCA-091, ¶ 6. In interpreting procedural rules, we seek "to determine the underlying intent" of our Supreme Court. *State v. Miller*, 2008-NMCA-048, ¶ 11, 143 N.M. 777, 182 P.3d 158. "[W]e apply the same canons of construction as applied to statutes and, therefore, interpret the rules in accordance with their plain meaning." *Rodriguez ex rel. Rodarte v. Sanchez*, 2019-NMCA-065, ¶ 12, 451 P.3d 105 (internal quotation marks and citation omitted).

**{38}** Rule 1-007.2 states,

Time limit for filing motion to compel arbitration.

A party seeking to compel arbitration of one or more claims shall file and serve on the other parties a motion to compel arbitration no later than ten (10) days after service of the answer or service of the last pleading directed to such claims.

**{39}** Rule 1-006(B)(1), as Defendants argue in their reply brief on appeal, addresses the district court's authority to extend the time for doing an act that under the rules of procedure must be done within a specified time. Rule 1-006(B) states, in relevant part,

B.	Extending time.

(1)	In General. When an act may or must be done within a specified time, the court may, for cause shown, extend the time

(a) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

(b) on motion made after the time has expired if the party failed to act because of excusable neglect.

**{40}** By its plain language, Rule 1-006(B)(1) applies to the time specified in Rule 1-007.2 for filing a motion to compel arbitration. The district court, however, did not rely on Rule 1-007.2's time limit, or on the grounds to extend that time limit found in Rule 1-006(B)(1). Rather, the district court decided that the time specified in Rule 1-007.2 was not mandatory, and that the question for the court was whether Defendants had waived their right to compel arbitration by their delay. The district court turned to our Supreme Court cases from three decades ago, which apply a traditional waiver analysis, to determine whether to deny the motion. *See United Nuclear Corp. v. Gen. Atomic Co.*, 1979-NMSC-036, 93 N.M. 105, 597 P.2d 290; *Architects, Taos*, 1985-NMSC-102. Our Supreme Court in these cases looked to whether the delay was intended to achieve advantage in the litigation and whether it prejudiced the opposing party.

**{41}** Rule 1-007.2 was adopted by our Supreme Court in 2016, more than two decades after the Court's decisions applying the traditional law of waiver to late-filed motions to compel arbitration in *United Nuclear* and *Architects, Taos*. Under our law of statutory construction, we presume that "when [our L]egislature amends a statute, it intends to change the existing law." *Wasko v. N.M. Dept. of Labor*, 1994-NMSC-076, ¶ 9, 118 N.M. 82, 879 P.2d 83. We apply this presumption to rules adopted by our Supreme Court as well. We assume that the Court was well aware of its own prior opinions addressing delay in filing a motion to compel arbitration, and adopted Rule 1-007.2 to simplify the law by avoiding the need to conduct a complex, fact-based waiver analysis every time a party to litigation delays filing a motion to compel arbitration.

**{42}** Looking next to the plain language of Rule 1-007.2, the rule requires a motion to compel arbitration to be filed early in the proceedings. It sets a specified time—"no later than ten (10) days after service of the answer or service of the last pleading directed to such claims." Rule 1-006(B), entitled "[e]xtending time," provides that its requirements apply to all rules of procedure (with the exception of those listed in Rule 1-006(B)(2)) requiring that some action "may or must be done within a specified time." Rule 1-006(B)(1) provides the law that the district court must apply to determine whether a late filing, in violation of Rule 1-007.2's time limit, will be considered by the court on its merits, or will be summarily denied.

**{43}**  In this case, there is no dispute that Defendants did not request an extension of time prior to the expiration of the time specified in Rule 1-007.2 for filing a motion to compel arbitration, and, therefore, the authority of the district court to extend the time "for cause shown," under Rule 1-006(B)(1)(a) was not invoked. When the time limit has expired before additional time is sought, as was the case here, Rule 1-006(B)(1)(b) applies. That provision allows the court to extend the time and grant a late-filed motion "if the party failed to act because of excusable neglect."

**{44}**  Plaintiff argues that, instead of looking to our Supreme Court decisions from the 1970s and 1980s applying traditional waiver principles to decide whether to consider a motion to compel arbitration, the district court should have applied the mandatory time limit in Rule 1-007.2, and denied the motion because it violated the time limit set by that rule.

**{45}**  Defendants respond by arguing that, even if Plaintiff is correct that Rule 1-007.2 sets a specific time limit for filing a motion to compel arbitration, the exception to the time limit found in Rule 1-006(B)(1)(b) for excusable neglect applies to the circumstances of this case, and supports the district court's decision to consider the motion to compel on its merits. The flaw in Defendants' argument is that the circumstances here cannot be construed as "excusable neglect" under Rule 1-006(B)(1)(b). The district court found "[t]here was no evidence that . . . Defendants knew about the MAA and failed to exert their right to arbitrate." Defendants claim that this lack of knowledge of the existence of an arbitration agreement between Plaintiff and his employer and of the rights and obligations provided by that agreement to them as third-party beneficiaries of that agreement satisfies the requirement of "excusable neglect" under Rule 1-006(B)(1)(b). I am not persuaded that Defendants' lack of knowledge of the arbitration agreement and their third-party beneficiary status is "excusable neglect" within the meaning of Rule 1-006(B)(1)(b).

**{46}**  Defendants did not "neglect" to file a timely motion to compel arbitration. Their failure to timely file was not an oversight. The undisputed facts establish that Defendants did not have a contractual right to arbitrate at the time this litigation was filed, or indeed at the expiration of the approximately forty-day period after filing of this litigation allowed by Rule 1-007.2. It is a fundamental principle of arbitration that arbitration can be sought only where every party has previously consented to resolve their disputes through arbitration. *See Szantho*, \_\_\_-NMCA-\_\_\_, ¶ 24 ("[A]rbitration is strictly a matter of consent, and the court cannot order arbitration of a particular dispute unless it is satisfied that the parties agreed to arbitrate that dispute."). As our Supreme Court stated in *Rankin v. Ridge*:

> We think . . . that a contract made upon a valid consideration between two or more parties for the benefit of a third may be enforced by such third[-]party *if* [*they*] *accept*[] *it after it is made*, though [they are] not named in the contract or may not have known of it at the time.

1948-NMSC-068, ¶ 24, 53 N.M. 33, 201 P.2d 359 (emphasis added) (internal quotation marks and citation omitted).

**{47}**  The undisputed facts in the record establish that Defendants were unaware of the contract to arbitrate and of its inclusion of provisions for their benefit. They had not accepted the arbitration agreement or consented to arbitrate their disputes with Plaintiff at the time this lawsuit was filed. Defendants, therefore, had no contractual right to compel arbitration when the litigation was filed. Nor did they have a contractual right to arbitrate their dispute with Plaintiff when the deadline set by Rule 1-007.2 for filing a motion to compel arbitration expired. Defendants, therefore, are not persons with a right to arbitrate a dispute who simply neglected to timely file a motion to compel—they had no contractual right to arbitrate under New Mexico's third-party beneficiary doctrine until after the litigation had proceeded for nine months, and the time to compel arbitration had long since expired. Indeed, it was only through discovery—a benefit available in court, and not in arbitration—that Defendants discovered the existence of the arbitration agreement at issue and accepted its benefits.

**{48}**  I read the plain language of Rules 1-007.2 to specify a mandatory time limit for a motion to compel arbitration, and Rule 1-006(B)(1) to specify the exclusive reasons for the district court to extend those time limits. Where, as here, Rule 1-007.2's time limit has been exceeded because the party seeking to compel arbitration had no right to arbitrate, a late-filed motion to compel arbitration must be denied.

**{49}**  Because I do not agree with the majority's conclusion that Plaintiff waived his Rule 1-007.2 argument by failing to preserve it in the district court, I would address the merits of the argument and, for the reasons stated, I would affirm the district court's decision denying the motion to compel arbitration under Rules 1-007.2 and 1-006(B)(1). The majority holding otherwise, I respectfully dissent.

**JANE B. YOHALEM, Judge**